188 So.2d 859 (1966)
M.L. CROFT, Appellant,
v.
L.W. YOUNG, Appellee.
No. H-148.
District Court of Appeal of Florida. First District.
July 26, 1966.
Rehearing Denied August 24, 1966.
*860 Jack A. Harnett, Tallahassee, for appellant.
No appearance for appellee.
WIGGINTON, Judge.
Appellant, who was defendant in the trial court, has appealed a final decree rendered in a suit to quiet title brought by appellee, which decree cancels, vacates, and sets aside a warranty deed executed by appellee which purports to convey to appellant a parcel of land in Jackson County.
Appellant first contends that the chancellor should have dismissed the cause on the affirmative showing that appellee's right to relief was barred under the doctrine of laches, equitable estoppel and estoppel by deed. An examination of the record on appeal reveals that the only defense interposed by appellant was an answer containing a general denial of the material allegations of the complaint. The answer does not assert the affirmative defenses of laches, equitable estoppel or estoppel by deed. It is established in this state that defenses such as those now urged by appellant are affirmative in nature and must be specifically pleaded in an answer to the complaint.[1] By her brief appellant tells us that the affirmative defenses above enumerated were raised in an oral motion to dismiss the complaint made immediately prior to the trial. There is nothing in the record to substantiate this assertion, but even if it were true, it would not support appellant's position. In the case of Fletcher v. Williams this court held that affirmative defenses may not be asserted as grounds for a motion to dismiss a complaint, even though the availability of the defense as a bar to the action may appear on the face of the complaint.[2] It is not contended that such affirmative defenses, even though not pleaded, were tried by the express or implied consent of the parties as permitted by the applicable rules of procedure.[3] Had such issues been tried by the express or implied consent of the parties, their legal significance as issues in the case could not now be considered for the reason that appellant has failed to include in the record on appeal the testimony adduced at the trial. Without a record of the evidence we are unable to determine whether such defenses were established as a matter of law.
By her second point on appeal appellant contends that the deed in controversy was duly executed by appellee, and the evidence adduced by her established that a legal delivery of the deed was effectuated under circumstances validating the conveyance and rendering it invulnerable to attack by the grantor. We cannot consider the merit of this contention for the reasons stated above regarding the absence in the record on appeal of the testimony and evidence adduced at the trial before the chancellor. It has been repeatedly held that points urged on appeal involving factual issues cannot be considered unless a record of the testimony and evidence reflecting the issues in dispute is contained in the record on appeal and available to the appellate *861 court for its examination and consideration.[4] For the foregoing reasons, the decree appealed is affirmed.
RAWLS, Chief Judge, and CARROLL, DONALD K., J., concur.
NOTES
[1] Rule 1.8(d), F.R.C.P., 30 F.S.A.
[2] Fletcher v. Williams, (Fla.App. 1963) 153 So.2d 759.
[3] Rule 1.15(b), F.R.C.P.
[4] Robinson v. Foland, (Fla.App. 1960) 124 So.2d 512, 513.