ANDREWS, Judge.
Naomi King, defendant, appeals a final summary decree awarding proceeds of a group life insurance policy on the life of Odes King to Norma Jean King, also known as Emma Jean King and also known as Emma Jean Jackson.
New York Life Insurance Company issued a group life insurance policy to the employer of Odes King. Upon Odes King becoming employed by said company in Brevard County certificate of insurance was issued upon which he designated his beneficiary as “Norma Jean King, wife,”' a resident of Palm Beach County. There were statements to the effect that the “wife’s” age was 39 and that there were four children under 19 years of age in the family. Odes King died as a result of an accident, following which his legal wife, Naomi King, a resident of Pinellas County, claimed the proceeds of the insurance policy.
It was established that Norma Jean King was described as being of the age of 39 in the policy, and that she had four children although they were not the children of Odes King. It was also established that Naomi' King, the legal wife of the deceased, was 59 years of age, and that there had been no children born of said marriage.
Of the issues raised on appeal we need only be concerned with the question of venue. F.S.A. § 46.01 provides that suits shall be begun only in the county where-the defendant resides, or where the action accrued, or where the property in litigation is located. The defendant in this action resides in Pinellas County. The cause of action did not accrue in Palm Beach County.
It is urged that inasmuch as New York Life Insurance Corporation, a foreign corporation authorized to do business in Florida, may be sued in any county in which it has an agent or representative, the suit was properly brought in Palm Beach County. F.S.A. § 46.04. F.S.A. § 46.02 provides that suits against two or more defendants residing in different counties may be brought in the county in which any one of the defendants resides. This *859 provision, however, has been construed not to authorize the abrogation of the individual defendant’s right to be sued in her county of residence. Enfinger v. Baxley, Fla.1957, 96 So.2d 538.
The defendant properly and timely asserted her right to be sued in the county of her residence. Accordingly the cause is reversed with directions to vacate the summary final decree and transfer the action to the proper court in Pinellas County. See Fla.R.C.P. 1.39(c), 30 F.S.A.
The consideration of the other issues raised on appeal could not change this decision.
Reversed with directions.
SMITH, C. J., and ADAMS, GEORGE E., Associate Judge, concur.