PER CURIAM.
Plaintiff in the court below brings this interlocutory appeal from an order granting defendants’ motion to dismiss for improper venue.
Plaintiff sued defendants for damages in an action for malicious prosecution. Defendants are residents of Marion County and plaintiff is a resident of Pinellas County. The suit for malicious prosecution was based on certain acts, allegations and sworn statements made by defendants to certain officers and officials of Marion County, as a result of which an information issued charging plaintiff with a felony. However, ultimate arrest was made in Pinellas County, the residence of the plaintiff. Subsequently this suit for malicious prosecution was filed by the plaintiff in Pinellas County. After an early talcing of deposition by the plaintiff, the defendants filed their motion to dismiss for lack of venue. Arguments were heard, the trial judge granted the motion, and this interlocutory appeal followed.
We are asked to determine whether the trial judge erred in granting the motion to dismiss for lack of venue since the arrest was made in Pinellas County and the plaintiff was a resident of Pinellas County.
First, it must be determined the essential elements necessary in a cause of action for malicious prosecution. The Supreme Court in Tatum Bros. Real Estate and Investment Co. v. Watson, (Fla.1926), 92 Fla. 278, 109 So. 623, set forth the six essential elements in a suit for malicious prosecution. Neither in this case nor subsequent cases has arrest been held to bean essential element for malicious prosecution. Malicious prosecution is a tort action and the venue is where the cause of action arose. In the instant case the alleged malicious prosecution of plaintiff was originated by the testimony, affidavits and other acts of the defendants in Marion County. Therefore, the cause of action has its situs in Marion County. The only act shown in the record was that of the arrest of plaintiff in Pinellas County; and since this is not an essential element of the tort action of malicious prosecution, it therefore will not be the only factor determining proper venue. "
Appellant has raised two other points for our consideration and having thorougly considered the points we find them to be without merit.
The order of the trial judge is therefore affirmed.
LILES, Acting C. J., and HOBSON, J.,' concur.
PIERCE, J., dissents with opinion.