226 So.2d 270 (1969)
COMMERCIAL CARRIER CORPORATION, a Corporation, and Clay Hyder Trucking Lines, a North Carolina Corporation, Appellants,
v.
Levada MERCER, As Executrix of the Estate of G.B. Nichols, Deceased, Appellee.
No. 68-512.
District Court of Appeal of Florida. Second District.
September 5, 1969.
*271 David A. Maney and John W. Boult, of Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, for appellants.
E.B. Rood, of Rood, Hapner & Rivers, and John R. Parkhill, Tampa, for appellee.
McNULTY, Judge.
Appellant corporations were defendants in a negligence action brought by appellee in Hillsborough County. Their plea of privilege on venue was denied and they bring this interlocutory appeal. The cause of action arose in South Carolina, so situs is not relevant to the venue question here. The question is whether the defendants reside in "different" counties within the purview of § 47.021, F.S.A.
We must first look to § 47.051, F.S.A. which sets forth where corporations "reside" for purposes of venue. Pursuant to this section, appellant Commercial Carrier Corporation "resides" in both Hillsborough and Polk Counties; its codefendant Clay Hyder Trucking Lines, however, "resides" only in Polk County. Thus each "resides" in Polk County, although Commercial Carrier Corporation also "resides" elsewhere.
Now, § 47.021, F.S.A. provides that:
"Actions against two or more defendants residing in different counties or districts may be brought in any county or district in which any defendant resides." (Italics supplied).
It is clear, of course, that this section applies only when codefendants reside in "different" counties.[1] But when all defendants to an action enjoy mutual residence within one county, the section does not apply even though, as here, one or more corporate codefendants may also "reside" in other counties.
We therefore hold that § 47.021, F.S.A. does not apply to the factual situation here and that the action should have been filed in Polk County within the purview of § 47.011, F.S.A. The trial court's denial of the plea of privilege was therefore error.
Reversed.
PIERCE, Acting C.J., concurs.
MANN, J., concurs in conclusion.
NOTES
[1] See Enfinger v. Baxley (Fla. 1957), 96 So.2d 538.