McNULTY, Judge.
This is an interlocutory appeal from an order denying appellant’s motion to dismiss on his plea of privilege as to venue.
Appellee Vetter, plaintiff below, sued on an oral contract for the sale of a truck alleging that appellant Hill defaulted in the payment therefor. Suit was brought in Lee County, the present residence of the plaintiff; and the theory of venue relied upon was, and is, that the contract was breached in Lee County.[1] In this regard, plaintiff urges the general rule that payment under a contract must be made at the place of residence of the payee (in this case Lee County) there being no other situs agreed upon in the contract.[2] We do not, nor indeed does appellant, take issue with this rule of law; but the admitted facts of this case do not allow its application. Accordingly, we must reverse.
It appears from plaintiff-appellee’s answers to interrogatories, propounded to him by defendant-appellant, that the contract was entered into in April, 1966, that no express date for payment was agreed upon and that when the contract was entered into both the plaintiff and defendant resided in Charlotte County. Admittedly, defendant still resides in Charlotte County. It also appears that plaintiff didn’t move to Lee County from Charlotte County until April, 1968, and that this suit was filed in 1969. So the critical point of time is when the contract was breached, or. to put it another way it is when payment was due, and from thence we can determine where it was breached.
Plaintiff admits, in his answer to the interrogatories aforesaid, that he made “requests” for payment in March, April, June or July and in September, all of 1967. During this time, as we’ve noted, both parties resided in Charlotte County. He alleges, however, that demand was not made until June, 1969, after he moved to Lee County and placed the matter in the hands of his attorney. It is significant, though, that in further answering the interrogatories, plaintiff stated:
“ * * * In September of 1967, the Plaintiff, Frank M. Vetter, Jr., through his agent, Frank M. Vetter, Sr., again requested payment of said indebtedness, in reply to this request, the Plaintiff (sic) David A. Hill denied owing said indebtedness.” (Emphasis supplied.)
 So, considering all the facts and circumstances herein, we think the distinction plaintiff-appellee makes between “request” for payment and “demand” for payment is an exercise in casuistry. Even if we accept it and consider the initial contacts made by plaintiff as mere “requests” for payment, we find it difficult to see how plaintiff can gainsay that he ought to be charged with notice of a “breach” of contract when, admittedly, Hill “denied owing said indebtedness” in September, 1967. This, we think, is cer *288 tainly the date of breach, if the earlier occasions of “requests” were not. Plaintiff seeks to rebut this conclusion by saying that since there was no express date of payment in the contract, a “reasonable time” test must be applied; and that therefore, when Hill “denied” the obligation he, plaintiff, can only be charged with notice that Hill considered the request premature, and not altogether unowed. However this may be, the plaintiff himself must have considered the obligation as being due on and prior to September, 1967, else he would not have requested payment. His position now to the contrary, in the present posture of the case, cannot operate as a rebuttal of the prima facie showing made by defendant-appellant, whose burden it is, that venue lies in Charlotte County; and appellee has not otherwise rebutted such showing. Accordingly, appellant’s plea of privilege should have been allowed.
Reversed.
PIERCE, Acting C. J., and MANN, J., concur.

. See, § 47.011, F.S.A.

. See, e. g., Croker v. Powell (1934), 115 Fla. 733, 156 So. 146.