HOBSON, Chief Judge.
Appellee Fleishaker filed a complaint in the Circuit Court of Hillsborough County against three named defendants: Maloney, as an individual;[1] Property Mortgage Services, Inc.; and Financial Fire & Casualty Company (as surety on a bond for the other two defendants). Fleishaker alleged that he entered into a contract with Property Mortgage Services whereby the latter would procure for him a loan to be used to construct certain buildings, and Fleishaker deposited $11,250 with Property Mortgage Services as earnest money. The loan did not materialize and Fleishaker brought this action to recover his deposit of earnest money. The complaint did not allege the residence of plaintiff, nor of any of the defendants, except that it stated that Property Mortgage Services was a Florida corporation. Furthermore there was no allegation as to the locus of the formation of the agreement or the place where it was to be performed or the place where the breach occurred.
Defendants Maloney and Property Mortgage Services moved to dismiss the complaint on the ground of improper venue and to dismiss Maloney as a party defendant on the ground that the complaint failed to allege sufficient ultimate facts to show that Maloney was liable to plaintiff. The trial court granted the motion as to Maloney *497 but refused to dismiss the complaint as to Property Mortgage Services, Inc. Defendant Financial Fire & Casualty Company answered the complaint and did not assert a venue privilege.
The trial court’s refusal to dismiss on the venue issue appears to have been based upon its conclusion that the movants failed to negate the right of plaintiff to maintain the suit in Hillsborough County. Accompanying the motion to dismiss filed by appellants is an affidavit indicating that Ma-loney and Property Mortgage Services, Inc., are exclusively domiciled in Broward County; that all transactions relative to the suit occurred outside Hillsborough County; that all property on which the mortgage application was made is located outside Hillsborough County; and Financial Fire & Casualty Company, as shown on the face of a power of attorney annexed to the complaint, has its principal office in Broward County.
The power of attorney was executed in July of 1968, some sixteen months before the affidavit was filed in support of the motion to dismiss. Accordingly, the power of attorney actually reflects that Financial Fire & Casualty in July 1968 had its principal , office in Broward County. Nevertheless, we feel that the affidavit together with the power of attorney constituted a prima facie showing that Financial Fire & Casualty Company was operating in Broward County at all times relevant to this case and, absent any rebuttal by plaintiff, satisfies the burden imposed upon movants. L. B. McLeod Construction Company v. State, 106 Fla. 805, 143 So. 594 (1932); Hill v. Vetter, Fla.App.1970, 231 So.2d 286.
Although it appears that Financial Fire & Casualty Company’s failure to assert a venue privilege amounts to a tacit admission that venue as to it alone would have been proper in Hillsborough County, this waiver cannot be taken to deny its codefendants their venue privilege. Even if Financial Fire & Casualty Company were doing business in Hillsborough County, the unrebutted prima facie showing that it has its principal place of business in Broward County requires reversal of that portion of the lower court’s order appealed from under the rule announced by this court in Commercial Carrier Corporation v. Mercer, 226 So.2d 270 (Fla.App.1969).
Reversed.
PIERCE and McNULTY, JJ., concur.

. Maloney is tlie corporate president of Property Mortgage Services, Inc.