239 So.2d 831 (1970)
Edith L. SAGE, Appellant,
v.
TRAVELERS INDEMNITY COMPANY OF HARTFORD, a Foreign Corporation Doing Business in the State of Florida, and Elery Oliver Davidson, Appellees.
No. 70-153.
District Court of Appeal of Florida, Fourth District.
October 9, 1970.
*832 James C. Fisher, of Law Offices of Russell Troutman, Winter Park, for appellant.
John L. Sewell, of Gurney, Gurney & Handley, Orlando, for appellee Travelers Indemnity Co.
WALDEN, Judge.
Another problem generated by Shingleton v. Bussey[1] comes home to roost, this particular one being in the area of venue.
A motor vehicle collision occurred in Lake County, Florida, and a suit for personal injuries based on negligence ensued. The plaintiff and the individual defendant were residents of Lake County, Florida. The insurer, Travelers Indemnity Company of Hartford, was joined as a party defendant according to the principles of Shingleton v. Bussey, supra. The insurer was a foreign corporation authorized to do business in Florida with a representative and agent conducting business in Orange County, Florida. (The record is silent as to whether the insurer had a representative and agent doing business in Lake County or any other county in the state except Orange.) The plaintiff filed the suit in Orange County and the individual defendant did not object. The insurer moved to change the venue from Orange to Lake County. The trial court granted the motion. Plaintiff appeals. We reverse.
F.S. 1969, section 47.051, F.S.A., is entitled, "Actions against corporations." It provides:
"* * * Actions against foreign corporations doing business in this state shall be brought in a county or district where such corporation has an agent or other representative, or where the cause of action accrued, or where the property in litigation is located."
Thus, when we consider these provisions in light of the direct action against insurers permitted in Shingleton v. Bussey, supra, coupled with the fact that many, if not most, insurers are foreign corporations with agents doing business throughout Florida, it would seem, at least at first blush, that plaintiffs in such cases would now be entitled to shop for forums almost anywhere within the state without regard to convenience, expense and the justice of the matter.
*833 Upon further inquiry, however, we are persuaded that the operation of Shingleton v. Bussey, supra, will not result in such an unpalatable and unpromising circumstance. This is true for two reasons. First, in 1969 the Legislature of Florida enacted a Forum Non Convenience Statute, which is identical to the Federal statute, 28 U.S.C. § 1404(a). It is Section 47.122, Laws of Florida, 1969, and provides:
"Change of venue; convenience of parties or witnesses or in the interest of justice.  For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought."
It permits the transfer of action based upon consideration of convenience, expense, location of witnesses, residence of the parties and other matters. See 1 A.L.R. Fed. 15. Upon review of the cases that have construed the Federal statute, it appears that a court is given a wide latitude in determining venue so as to accord with the convenience of the parties and witnesses and the interest of justice. Thus, we feel that this statute will serve as an effective tool in preventing forum shopping or venue abuse under Shingleton v. Bussey, supra, or otherwise.
In the instant case there is no showing in the motion for change of venue, the court's order or the briefings of counsel that the transfer was made on account of this statute or based upon any criteria relevant and material to its application. We take note that Lake and Orange Counties adjoin and that apparently the individual defendant and the plaintiff wished the suit brought in Orange and there is no showing as to the residences of the witnesses. Thus, this statute is not helpful to our disposition of this appeal.
Second, with reference to the venue statute, Chapter 47, Laws of Florida, 1969, we know that under Section 47.011 actions shall be brought where the defendant resides or where the cause of action accrues and that under Section 47.021 actions against two or more defendants residing in different counties may be brought in any county in which any defendant resides. We further know that under Section 47.051, supra, that actions against foreign corporations shall be brought in a county where that corporation has an agent or other representative or where the cause of action accrued. From this, as earlier stated, it would seem that a plaintiff could bring the cause of action in any county where the insurer had an agent inasmuch as the insurer is now a proper party under Shingleton v. Bussey, supra. However, according to the case law of this state, it has been held that where an individual defendant is joined as a party defendant with a foreign corporation defendant and the corporate defendant has an agent in the county in which the individual defendant resides these statutory sections cannot be applied to defeat the individual defendant's venue privileges under Section 47.011. Enfinger v. Baxley, Fla. 1957, 96 So.2d 538. See also Croft v. Young, Fla.App. 1966, 188 So.2d 859; Commercial Carrier Corporation v. Mercer, Fla.App. 1969, 226 So.2d 270. In the instant case, however, the individual defendant has not complained and asserted his venue privileges under Section 47.011, supra. Therefore, we feel the trial court erred in according the privilege to the defendant under these circumstances.
Reflecting upon Shingleton v. Bussey, supra, and the problems of venue, we feel that Shingleton has effected one new change by affording additional forums where such a cause of action may be brought. If plaintiff chooses and the individual defendant does not object, and if the forum non convenience statute is not successfully invoked, the cause of action may be brought in the county where the insurer, a foreign corporation, has an agent under the provisions of Section 47.051, supra, regardless of where the cause of action occurred and where the individual defendant resides.
*834 Repeating, and by way of summary, we are satisfied that the two mentioned procedures afford appropriate and adequate safeguards against forum shopping or promiscuous use of the venue statutes which might have been made possible by the addition of the insurer as another defendant under the Shingleton case.
We believe that the plaintiff had a right to bring this action in Orange County because the foreign corporation defendant had an agent in that county, under the provisions of Section 47.051, supra. We believe that he had a right to maintain it there in the absence of a motion to transfer and a proper showing under Section 47.122, supra, and in the absence of the defendant's claim of venue privilege under Enfinger v. Baxley, supra.
The order appealed is hereby reversed and the cause remanded with instructions to change and transfer the venue from Lake to Orange County.
Reversed and remanded.
CROSS, C.J., and OWEN, J., concur.
NOTES
[1] Shingleton v. Bussey, Fla. 1969, 223 So.2d 713. There it was held that in an action for damages resulting from the alleged negligent operation of an insured motor vehicle by its insured owner the plaintiff or person suffering damages is a third party beneficiary of the motor vehicle liability policy and, therefore, has a direct cause of action against the insurer and may join the insurer as a party defendant along with the insured.