273 So.2d 13 (1973)
Randal ALLEN et al., Appellants,
v.
Lawrence SUMMERS, Appellee.
No. 72-1226.
District Court of Appeal of Florida, Third District.
February 7, 1973.
*14 Adams, George & Wood and David L. Willing, Miami, for appellants.
Murray Z. Klein, Miami, Paul J. Culp, Boynton Beach, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
CARROLL, Judge.
The appellee Lawrence Summers filed an action in the circuit court of Dade County for damages for personal injuries received in an automobile accident alleged to have occurred in St. Lucie County. The places of residence of the defendants were not stated in the complaint.
The defendants moved the court to transfer the cause to another county. The motion and supporting affidavits showed that the accident occurred in St. Lucie County; that the two insurance company defendants were foreign corporations; that the defendant Florida Convoy, Inc. was a Florida corporation having its principal office and place of business in Orange County; that the defendant Randal Allen was a resident of Seminole County; and that defendant G.D. Mattox was a resident of Orange County.
The two foreign insurance companies, who were liability insurers of other named defendants, were made defendants in the cause under the authority of Shingleton v. Bussey, Fla. 1969, 223 So.2d 713. Thus, with the accident having occurred in St. Lucie County, and the defendants other than the two insurance companies being resident of Seminole County or Orange County, the basis relied on by the plaintiff for filing the action in Dade County was because the foreign insurance companies maintained an office or agent in Dade County. The defendants' motion to transfer was denied, and the defendants filed this interlocutory appeal from that order relating to venue, as authorized by Rule 4.2(a) FAR, 32 F.S.A.
We hold the appeal has merit. By their motion for transfer the individual defendants (under § 47.011 Fla. Stat., F.S.A.) and the corporate defendant Florida Convoy, Inc. (under § 47.051 Fla. Stat., F.S.A.) objecting to venue in Dade County availed themselves of the privilege to require that the action be brought or maintained in the county in which the cause of action accrued or in which they or one of them was resident. Upon so doing they were entitled to be granted relief on their motion to transfer, unless it should be made to appear that the foreign corporations joined as liability *15 insurers of said defendants did not have an agent in one of the counties in which the other defendants were resident or the cause of action accrued, that is, Seminole County, Orange County or St. Lucie County. See Enfinger v. Baxley, Fla. 1957, 96 So.2d 538; King v. King, Fla.App. 1966, 188 So.2d 857; Commercial Carrier Corporation v. Mercer, Fla.App. 1964, 226 So.2d 270; Sage v. Travelers Indemnity Company of Hartford, Fla.App. 1970, 239 So.2d 831.
The order appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.