323 So.2d 602 (1975)
WALT DISNEY WORLD CO. and Insurance Company of North America, Appellants,
v.
Carl LEFF and Sylvia Leff, His Wife, Appellees.
No. 75-1750.
District Court of Appeal of Florida, Fourth District.
December 19, 1975.
Thomas B. DeWolf of Helliwell, Melrose & DeWolf, Orlando, for appellants.
E. Hugh Chappell, Jr., Fort Lauderdale, for appellees.
OWEN, Judge.
The issue is venue. Plaintiffs, residents of Broward County, filed their personal injury action in Broward County against two defendants, both foreign corporations: Walt Disney World and Walt Disney World's insurer, Insurance Company of North America. The injury occurred (and therefore the cause of action accrued) at Walt Disney World in Orange County. Defendant-insurer "resided"[1] in both *603 Broward and Orange Counties. Defendant-Disney "resided" only in Orange County.
Defendant-Disney moved to dismiss for improper venue, or in the alternative, to transfer the cause to Orange County, alleging that "Walt Disney World does not have an office for the conduct of business in Broward County, Florida, and ... no representatives or agents ... residing in ... or doing business in Broward County, Florida." Plaintiffs filed a response to defendant's motion alleging that defendant-Disney advertises and solicits business throughout Florida, including Broward County, and demanding trial in Broward under Fla. Stat. § 47.122 (1973), for the convenience of the parties and witnesses and in the interests of justice, alleging that they and most of their witnesses resided in Broward, and that because defendant-Disney's attraction is located in Orange and supports the economy of that community, plaintiffs would not receive a fair trial in that county. Defendant's motion was denied and this appeal followed.
Appellant's point that it has a statutory venue privilege in Orange County is well taken. The applicable statutes are:
"§ 47.051. Actions against corporations.  ... Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located." Fla. Stat. § 47.051 (1973).
and
"§ 47.021. Actions against defendants residing in different counties.  Actions against two or more defendants residing in different counties may be brought in any county in which any defendant resides."[2] Fla. Stat. § 47.021 (1973).
While on the face of these two statutes, it may appear that plaintiffs had the choice, under § 47.021, of laying venue in either Orange or Broward County, being the "residence" of one or the other defendant, this is not in fact the case due to a fairly logical and well-reasoned line of cases interpreting § 47.021.
The seminal case interpreting this statute (at that time numbered Fla. Stat. § 46.02) is Enfinger v. Baxley, 96 So.2d 538 (Fla. 1957). In that case, the cause of action had accrued in Polk County, where plaintiff also resided. There were two defendants: the individual defendant resided in Polk County; the corporate co-defendant "resided" in both Polk and Duval Counties and the plaintiff chose to initiate his action in Duval County. The trial court denied the individual defendant's Motion to Dismiss for Improper Venue. The Supreme Court reversed, stating at 540:
"Section 46.02 places a qualification upon the venue privilege granted to an individual defendant by Section 46.01 and to a corporate defendant by Section 46.04. Inverness Coca-Cola Bottling Co. v. McDaniel, supra, 78 So.2d 100, 102. It gives a plaintiff the right to make the final choice of the forum in which his suit will be tried as between the conflicting interests of defendants whose venue privileges, as granted by Section 46.01 and/or Section 46.04, do not fall within the same county. The applicability of the statute is clear where the venue privileges of the defendants are co-equal and not co-existent in the same county. Here, however both defendants `reside' in Polk County, even though the corporate defendant may also be said to *604 `reside' in Duval County. If sued alone, the defendant corporation would have no greater right, under Section 46.04, to be sued in Duval County than in Polk County since it has an agent in both counties; but the individual defendant if sued alone would have the privilege, under Section 46.01, of being sued in Polk County. In this situation, we do not think Section 46.02 should be applied to give to a plaintiff the right to choose the forum in which to bring his suit. `The right of a plaintiff to have an action tried in another county than that in which the defendant has his residence is exceptional, and, if the plaintiff would claim such right, he must bring himself within the terms of the exception.' Brady v. Times-Mirror Co., 106 Cal. 56, 39 P. 209, 210." (e.s.)
The same rationale was employed in Commercial Carrier Corporation v. Mercer, 226 So.2d 270 (2nd DCAFla. 1969), whose facts are nearly on all fours with those at bar. There, the defendants were both corporations called upon to defend an action brought in Hillsborough County. One defendant "resided" in both Hillsborough and Polk Counties; the other "resided" only in Polk County. "Thus," the appellate court reasoned, "each `resides' in Polk County, although [one defendant] also `resides' elsewhere." The court then quoted § 47.021, supra, adding emphasis to the word, "different", and concluded:
"It is clear, of course, that this section applies only when codefendants reside in `different' counties. But when all defendants to an action enjoy mutual residence within one county, the section does not apply even though, as here, one or more corporate codefendants may also `reside' in other counties.
"We therefore hold that § 47.021, F.S.A. does not apply to the factual situation here and that the action should have been filed in Polk County within the purview of § 47.011, F.S.A. The trial court's denial of the plea of privilege was therefore error." (footnote omitted).
The rule was also applied in Allen v. Summers, 273 So.2d 13 (3rd DCAFla. 1973); Maloney v. Fleishaker, 238 So.2d 496 (2nd DCAFla. 1970); King v. King, 188 So.2d 857 (4th DCAFla. 1966), and was recognized by this court, but not applied because the facts did not so warrant, in Sage v. Travelers Indemnity Company of Hartford, 239 So.2d 831, 833 (4th DCA Fla. 1970).
Appellees make an unpersuasive attempt to distinguish the above cases on their facts from that at bar. Their argument is infected with a fallacious concept: that venue was properly laid in Broward County as to defendant-Disney in any event (i.e., irrespective of the presence of the Broward-based defendant/insurer in the suit) because Disney was "active and doing business in Broward County." Appellees overlook that the statutory standard for obtaining venue in actions against a foreign corporation is, as set out in § 47.051: "where such corporation has an agent or other representative." The fact of "doing business" is not the test in spite of some dicta to the contrary in the court's opinion in Mann v. Goodyear Tire and Rubber Company, 300 So.2d 666 (Fla. 1974).[3]
Appellees in responding to the motion, apparently sought to justify venue in Broward County on the basis of Fla. Stat. § 47.122. It is clear that venue in the first *605 instance was only properly laid in Orange County. Had the action been brought there initially, appellees could not have successfully sought transfer to Broward County under § 47.122 absent the consent of appellant-Disney. Mann v. Goodyear Tire and Rubber Company, supra. Manifestly, appellant-Disney does not consent to the action being brought in Broward County. Thus, appellees may not rely upon § 47.122 as justification for the action being "retained" in Broward County.
The order denying appellant's motion for change of venue is reversed and this cause remanded with directions that said motion be granted.
Reversed and remanded.
WALDEN, C.J., and MAGER, J., concur.
NOTES
[1] The term "resided" is here used for convenience and stands for the satisfaction of the statutory requirements for laying venue in actions against a foreign corporation which are set out in Fla. Stat. § 47.051 (1973); these will be discussed infra.
[2] Although § 47.021 speaks of defendants "residing," connoting individual defendants, this section has been determined to be equally applicable to corporations. L.B. McLeod Construction Company v. State, 106 Fla. 805, 143 So. 594, 596 (1932); Enfinger v. Baxley, 96 So.2d 538 (Fla. 1957).
[3] There the court stated, at 668:

"We conclude that, when suing a foreign corporation, one has the right to bring one's action anywhere business is transacted in Florida [citing Fla. Stat. § 47.051] subject to the forum non conveniens statute and further limited by the provisions of § 47.163, Florida Statutes, requiring the consent of the parties." (footnotes omitted).