388 So.2d 1334 (1980)
Paul A. STRASKE, Raymond C. Farfante, Jr., and Stanley N. Pinder, Appellants,
v.
Cornelius McGILLICUDDY, Jr., and Cornelius McGillicuddy, III, Appellees.
Nos. 80-630, 80-631 and 80-679.
District Court of Appeal of Florida, Second District.
October 8, 1980.
*1335 Gary R. Trombley, Tampa, for appellants Straske and Farfante.
Claude H. Tison, Jr., of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant Pinder.
James M. Barclay, Cape Coral, for appellees.
GRIMES, Judge.
Appellants seek review of a nonfinal order denying their motions to dismiss or transfer on the grounds of improper venue.[1]
Cornelius McGillicuddy, Jr. and Cornelius McGillicuddy, III, both residents of Lee County, filed a complaint against Raymond Farfante, Muriel McLeran, International Holding Company, and ten John Doe defendants in the circuit court for Lee County. The complaint alleged that McLeran, a trustee in bankruptcy in the United States District Court in Tampa, Farfante, her attorney, and the ten John Doe defendants had conspired to acquire a promissory note that was the property of an estate in a pending bankruptcy proceeding. It further alleged that the McGillicuddys had suffered damages as a result of the conspiracy by being denied an opportunity to bid on the note.
Farfante and McLeran responded to the complaint, asserting their immunity from suit for acts done in their official position pursuant to the federal bankruptcy act. The McGillicuddys then moved to add as party defendants Paul Straske, Farfante's law partner, and Stanley Pinder, Farfante's client who owned the stock of International Holding Company. The amended complaint made substantially the same claim as before concerning the conspiracy to purchase the note.
After the court granted the motion, the new parties, Straske and Pinder, filed motions to dismiss the action for improper venue or alternatively to transfer venue to Hillsborough County. Even though he had answered the original complaint, Farfante *1336 also filed a similar motion attacking venue. The motions were accompanied by supporting affidavits which demonstrated that no defendant resided in Lee County. With the exception of McLeran, who resided in Collier County when the action was brought and now resides in Calhoun County, all the defendants were Hillsborough County residents and the corporate defendant had its offices in Hillsborough County. The court denied the motions of Farfante, Straske and Pinder, which prompted them to institute this appeal.
As always, in cases which deal with questions of venue, we must consider Section 47.011, Florida Statutes (1979). That section provides that actions may be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. In the present case, none of the defendants live in Lee County,[2] and there is no property in litigation. Accordingly, in order to support the court's ruling that venue lies in Lee County, it would be necessary to find that the McGillicuddys' cause of action accrued there. This is what the McGillicuddys argue, but we must reject their contention.
Assuming that the amended complaint states a cause of action, it is one sounding in tort. A cause of action for tort arises at the place where the act creating the right to bring the action occurred. See Proctor v. Commercial Bank of Okeechobee, 373 So.2d 943 (Fla. 4th DCA 1979); Hammond v. Potito, 197 So.2d 40 (Fla. 2d DCA 1967). Here, the cause of action arose in Hillsborough County because all of the activity surrounding the tort occurred in that county. It was the site of the bankruptcy court, and the defendants Farfante and Straske practice law there. The purported conspiracy was formed there, and the acts alleged to have been done in furtherance of the conspiracy all occurred there. The contention that the failure of the trustee or her lawyer to respond to the McGillicuddys' letter evincing an interest in bidding on the note constituted activity in Lee County sufficient for the purpose of venue is without merit.
Having determined that the court erred in ruling that Lee County was the proper site for the lawsuit, it follows that the court erred in denying the motions of appellants Straske and Pinder. However, the same cannot be said as to appellant Farfante. By filing a responsive pleading to the McGillicuddys' complaint before he filed his motion concerning venue, Farfante waived his right to object to venue. Largen v. Greenfield, 363 So.2d 573 (Fla. 2d DCA 1978); Fla.R.Civ.P. 1.140(h)(1).
In view of what we have said, we reverse the denial of appellants Straske and Pinder's motions and remand the case to the trial court for further proceedings consistent with this opinion.[3]
SCHEB, C.J., and BOARDMAN, J., concur.
NOTES
[1] Florida Rule of Appellate Procedure 9.130(a)(3)(A) permits appeals from nonfinal orders which concern venue.
[2] If any one defendant resided in Lee County, venue would properly lie there. § 47.021, Fla. Stat. (1979).
[3] In this connection, we note that because Mr. Straske and Mr. Pinder have an absolute right to be sued in Hillsborough County, the court will have to transfer the entire case to that county unless appellants exercise their option to dismiss them from the suit.