400 So.2d 206 (1981)
INTER-MEDIC HEALTH CENTERS, INC., Etc., et al., Appellants,
v.
Edward L. MURPHY, Etc., Appellee.
No. ZZ-338.
District Court of Appeal of Florida, First District.
July 1, 1981.
Bruce S. Bullock of Bullock, Sharp, Childs, Mickler & Cohen, Jacksonville, Walter A. Shelley of Shelley & Shelley, Daytona Beach, for appellants.
Thomas R. Brown and Wayne Hogan of Brown, Terrell & Gogan, Jacksonville, for appellee.
WENTWORTH, Judge.
Appellants seek interlocutory review of an order denying various motions relating to venue; we conclude that the court erroneously refused to transfer venue, and reverse the order appealed. This case involves a medical malpractice action brought against the patient's physician (Dr. Shelley) and the treating hospital in its corporate entity (Inter-Medic). The cause of action accrued in St. Johns County, where the treating hospital is located and where Dr. Shelley resides; however, this action was brought in Duval County, where Inter-Medic maintains another hospital facility. Section 47.021, Florida Statutes, provides that, regarding multiple defendants residing in different counties, venue "may be brought in any county in which any defendant resides." However, this provision is inapplicable where a corporate defendant resides in the same county as an individual defendant, even though the corporate defendant may have other residences; in such circumstances venue is proper, pursuant to § 47.011, Florida Statutes, only in the county of "joint residence." See Enfinger v. Baxley, 96 So.2d 538 (Fla. 1957); Maloney v. Fleishaker, 238 So.2d 496 (Fla.2d DCA 1970).
While a venue objection is subject to waiver, see Inverness Coca Cola Bottling Co. v. McDaniel, 78 So.2d 100 (Fla. 1955), Inter-Medic's failure to make an adequate objection does not preclude the assertion of a venue objection by Dr. Shelley. See Maloney v. Fleishaker, supra. Dr. Shelley did file a timely objection, by way of motion to *207 dismiss and transfer venue, citing § 47.011 and alleging St. Johns County as his only residence and the appropriate place of venue. Although Dr. Shelley did not specifically allege that Inter-Medic also resides in St. Johns County, this fact was alleged in both the complaint and Inter-Medic's answer. We conclude that in these circumstances Dr. Shelley's venue objection was sufficiently pleaded.
The order appealed is accordingly reversed and remanded with directions to transfer venue.
SHAW and THOMPSON, JJ., concur.