THOMPSON, Judge,
dissenting.
I would reverse and remand with directions to transfer venue.
The cause of action accrued in Baker County. The plaintiffs are residents of Baker County. The defendant, Dr. Gary Dopson, is a resident of Baker County. The Ed Fraser Memorial Hospital is located in Baker County and is owned and operated by the Baker County Hospital Authority. The defendant Methodist Hospital Foundation, Inc. (“Methodist”) is a non-profit domestic corporation having offices in both Duval County and Baker County for the customary transaction of its business.
Methodist contends it is entitled to a change of venue to Baker County under the provisions of § 47.122, Fla.Stat. for the convenience of the parties and filed several affidavits in support thereof. The trial judge’s denial of the motion based on § 47.122, Fla.Stat., was not such an abuse of discretion that would warrant reversal on appeal.
Dr. Dopson timely moved for a change of venue on the grounds that he was entitled *499 to be sued in the county of his residence under § 47.011, Fla.Stat. The plaintiffs claims that § 47.021, Fla.Stat., gives them the right to bring the action in any county in which any defendant resides. Although § 47.021, Fla.Stat., provides that where there are multiple defendants residing in different counties the action may be brought in any county in which any defendant resides, that provision is not applicable in this case.
Under § 47.051, Fla.Stat., Methodist resides in both Baker and Duval Counties by virtue of the fact that it “has, or usually keeps, an office for transaction of its customary business” in both of these counties. Notwithstanding the fact that the corporate defendant resides in the county in which the suit is filed, if the corporate defendant also resides in the same county as the individual defendant and the individual defendant moves for a change of venue pursuant to § 47.011, Fla.Stat., venue lies only in the county where the individual defendant resides and the motion should be granted. Enfinger v. Baxley, 96 So.2d 538 (Fla.1957).
This rule enunciated by the Supreme Court in Enfinger, supra, has been followed by this Court in Inter-Medic Health Centers, Inc. v. Murphy, 400 So.2d 206 (Fla. 1st DCA 1981), the Second District Court of Appeal in Commercial Carrier Corporation v. Mercer, 226 So.2d 270 (Fla. 2d DCA 1969), the Third District Court of Appeal in Allen v. Summers, 273 So.2d 13 (Fla. 3d DCA 1973), and the Fourth District Court of Appeal in Walt Disney World Co. v. Leff, 323 So.2d 602 (Fla. 4th DCA 1975). The majority opinion finds that these cases are not applicable because there was no mutuality of residence of Dopson and Methodist in Baker County and that there was no assertion that Methodist is a resident of Baker County or maintains an office in Baker County for the transaction of its customary business. I disagree with that finding. A domestic corporation is a resident of every county in this state in which it has, or usually keeps, an office for the transaction of its customary business. Methodist had an “office” in Baker County for the transaction of its customary business. Methodist was in the business of hospital management and operation. It had a long-term contract with the Baker County Hospital Authority to furnish certain management services on a regular daily basis, including the services of a full-time resident administrator for the sum of $5,000 per month initially and later for $6,000 per month. In the case of Tribune Company v. Approved Personnel, Inc., 115 So.2d 170 (Fla. 1st DCA 1959), this Court said:
To strain the definition of an “office for the transaction of business” to embrace only separate rooms or buildings would do violence to the fair meaning and intent of the statute. Space in a building which is furnished with the type of office furniture and equipment normally used in the transaction of the occupant’s customary business has been held to satisfy the definition of “office” as used in statutes dealing with service of process. The same is equally applicable to statutes dealing with the matter of venue. It has been early recognized that the expression “an office for the regular transaction of business” does not necessarily mean one who carries on some business at some particular place of which he is a proprietor. The place where one is regularly employed to render services, where he attends every business day, is a place or office for the regular transaction of business, regardless of the character of the business which one may transact at that place.
Methodist has unquestionably satisfied this definition of “office” as used in the statutes dealing with venue.
There is a sufficient assertion in the complaint that Methodist maintains an office in Baker County for the transaction of its customary business. Although the plaintiff attempts to allege that Methodist managed the hospital from Jacksonville, that is contradicted by further allegations in the complaint that Methodist supervised nurses and “hired, trained and supervised other personnel and workers at Ed Fraser Memorial Hospital” (emphasis supplied). The plain *500 tiff also attached to and made a part of the complaint, the management contract between Methodist and the Baker County Hospital Authority. This contract sets forth the obligation of Methodist to furnish management services at the hospital including a full-time resident administrator.
As this Court said in Inter-Medic Health Centers, Inc. v. Murphy, supra :
Dr. Shelley did file a timely objection, by way of motion to dismiss and transfer venue, citing § 47.011 and alleging St. Johns County as his only residence and the appropriate place of venue. Although Dr. Shelley did not specifically allege that Inter-Medic also resides in St. Johns County, this fact was alleged in both the complaint and Inter-Medic’s answer. We conclude that in these circumstances Dr. Shelley’s venue objection was sufficiently pleaded. (Emphasis supplied)
The change of venue motion filed by Dr. Dopson should have been granted.