COBB, Chief Judge.
This case presents a venue issue dependent upon ascertaining the county in which the plaintiff’s cause of action accrued. It is governed by section 47.011, Florida Statutes (1983), which provides:
Actions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located....
The plaintiff below, Santa Cruz Construction, Inc., filed a complaint in the Circuit Court of Brevard County against Pro Tech Electric Co., Inc., and its president, Theodore M. Perkins, who is the appellant here. Pro Tech and Perkins were served in Okaloosa County. The former defaulted but the latter moved to transfer venue from Brevard to Okaloosa County. A hearing was held and Perkins’ motion was denied. He appealed that ruling pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(A).
The facts, as shown by the complaint and the evidence adduced at the venue hearing, indicate that Santa Cruz, a general contractor, subcontracted with Pro Tech to do certain work at Eglin Air Force Base in Okaloosa County. The complaint alleged that Pro Tech failed to perform work it was obligated to do, and that Pro Tech and Perkins submitted to Santa Cruz a fraudulent application for payment. There were no other venue allegations in the complaint.
It is undisputed that Perkins and Pro Tech are residents of Okaloosa County. At the venue hearing, an affidavit was filed by an officer of Santa Cruz, stating that the base contract between the United States Army Corps of Engineers and Santa Cruz was entered into in Brevard County, and that Santa Cruz operated from offices in Brevard County. Perkins filed an affidavit stating that he is a resident of Okaloosa County and has never conducted business in Brevard County.
The document which Santa Cruz alleged to be fraudulent reflects on its face that it was signed by Perkins and sent from the offices of Pro Tech in Destín, Florida, to Santa Cruz at the latter’s office in Shali-mar, Florida. Both Destín and Shalimar are in Okaloosa County. Therefore, the cause of action accrued in Okaloosa, there is no property in litigation, and Perkins resides in Okaloosa. The fact that Pro Tech defaulted does not extinguish Perkins’ right to challenge venue. Inter-Medic Health Centers, Inc. v. Murphy, 400 So.2d 206 (Fla. 1st DCA 1981); Maloney v. Fleishaker, 238 So.2d 496 (Fla. 2d DCA 1970). There is no evidence that Pro Tech resided in Brevard and did not reside in Okaloosa, which would be necessary to support venue in Brevard against Perkins as a co-defendant, pursuant to section 47.021, Florida Statutes (1983).
The argument of the appellee basically is that the cause of action arose in Brevard County because that is where its damages occurred, Brevard being the principal place of business and executive offices of Santa Cruz. That factor is irrelevant to the issue of venue, however. In the instant case, the act creating the right to bring an action was either the signing of the allegedly false affidavit by Perkins, or delivery of that affidavit to Santa Cruz. Both of these events occurred in Okaloosa County. Even if the record were unclear as to the place of delivery of the affidavit, the failure of the plaintiff to properly show venue would result in a transfer to the residence of the defendant. See Winter v. Curtis, 311 So.2d 815 (Fla. 3d DCA 1975). Accordingly, we reverse the lower court’s denial of Perkins’ motion for transfer of venue, and *803 remand for transfer of this cause by the lower court to Okaloosa County.
REVERSED and REMANDED.
ORFINGER and FRANK D. UP-CHURCH, Jr., JJ., concur.