STONE, Judge.
This is an appeal from an order denying a motion to dismiss for improper venue. Plaintiff, Don Conway, initially sued Globe Indemnity Company for reformation of an insurance contract. Subsequently, claims were added against Horn, an insurance agent, for her alleged failure to procure uninsured motorist coverage for Conway.
Section 47.011, Florida Statutes (1973), provides:
[ajctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.
The plaintiff says that venue is in Palm Beach County because the accident, which generated the claim against the Globe policy, occurred there, and because Globe’s motion for a change in venue had been denied. It is undisputed that defendant Horn resides in Hendry County, and that her place of business is located there. It is also undisputed that the policy was ordered in Hendry County.
The trial court determined that section 47.021, Florida Statutes (1973), controlled. This section provides that:
[ajctions against two or more defendants residing in different counties may be brought in any county in which any defendant resides.
In this case both defendants claim residence in Hendry County. Their right to venue in Hendry County is not defeated by the fact that a prior court order in this case determined that Globe may also have residence in Palm Beach County. See InterMedic Health Centers, Inc. v. Murphy, 400 So.2d 206 (Fla. 4th DCA 1981); Walt Disney World Co. v. Leff, 323 So.2d 602 (Fla. 4th DCA 1975).
Horn asserts that the action sounds in breach of contract, while Conway contends it sounds in negligence for professional malpractice. Because the cause of action against Horn occurred in Hendry County, where all matters relative to obtaining the policy took place, we need not address the nature of the cause of action. Cf Soowal v. Marden, 452 So.2d 625 (Fla. 3d DCA 1984); Straske v. McGillicuddy, 388 So.2d 1334 (Fla. 2d DCA 1980); Gaboury v. Flagler Hospital, Inc., 316 So.2d 642 (Fla. 4th DCA 1975). See also Greene v. A.G.B.B. Hotels, Inc., 505 So.2d 666 (Fla. 5th DCA 1987).
The order of the trial court is therefore reversed. We remand for transfer to Hen-dry County pursuant to Florida Rule of Civil Procedure 1.060(b).
GLICKSTEIN and DELL, JJ., concur.