544 So.2d 1129 (1989)
Christopher James BERDOS, Appellant,
v.
Amy Lynn DOWLING, Sandra Lynn Dowling, Jax Liquors, Inc., a Florida Corporation, and Pizza Hut of America, Inc., a Kansas Corporation, Appellees.
No. 89-0476.
District Court of Appeal of Florida, Fourth District.
June 14, 1989.
Scott P. Schlesinger of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for appellant.
Scott Whitley of Thompson and Associates, Miami, for appellees-Amy Lynn Dowling and Sandra Lynn Dowling.
PER CURIAM.
The plaintiff, a resident of Broward County, Florida, sustained injuries in a car accident in Alachua County, Florida. He brought a cause of action in Broward County against the driver of the vehicle and also named as defendants the establishments serving liquor to the minor driver. The defendants in this action are: the driver, Amy Lynn Dowling, the owner of the vehicle, Sandra Lynn Dowling, both residents of Bradford County, Jax Liquors, located in Bradford County and Pizza Hut, a Kansas Corporation. Defendant Amy Lynn Dowling was served liquor at the Pizza Hut in Jacksonville, Florida (Duval County).
The plaintiff filed his complaint in Broward County and defendants Amy Lynn Dowling and Sandra Lynn Dowling moved to dismiss the complaint or to transfer the complaint to Alachua County. Defendant Jax alleged that venue was also improper in Broward County since it had no local agent or representative in Broward. Defendant Pizza Hut filed a motion to transfer the action to Duval County, where the liquor was served, or Alachua County, where the accident happened.
The plaintiff's response was that defendant Pizza Hut's designated resident agent for service of process is C.T. Corporation Systems located in Broward County. The trial court granted the motion to transfer venue to Alachua County, the site of the accident. We reverse.
The plaintiff claims he did not err in bringing the cause of action in Broward County because Pizza Hut's resident agent is located there. Section 47.051, Florida Statutes (1987) provides that an action against a foreign corporation may be brought in the county where the corporation has an agent or representative, or where the cause of action accrues, or where the property in litigation is located. *1130 Vellanti v. Piper Aircraft Corp., 394 So.2d 1063 (Fla. 3d DCA 1981), held that venue is appropriately laid in the county where the foreign corporation has an agent designated to accept service of process on its behalf:
The order transferring venue of this cause from Dade to Collier County is reversed. As demonstrated by the sheriff's return of service  which is presumptively correct and has not been challenged  the defendant Piper Aircraft Corporation, a foreign corporation, was served through a corporate agent it had designated for that purpose in Dade County. It is therefore clear that venue was properly laid in Dade County under the portion of section 47.051, Florida Statutes (1979), which provides that "[a]ctions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative." We specifically stated in Majestic II, Enterprises, Inc. v. Butler, 372 So.2d 548, 549 (Fla. 3d DCA 1979) that "the existence merely of an agent, for service of process ..., in a particular county would establish the propriety of venue in that county as to a foreign corporation." [e.o.] Accord, Greyhound Corp. v. Rosart, 124 So.2d 708 (Fla. 3d DCA 1960); see also, Touchton v. Atlantic Coast Line R. Co., 155 So.2d 738 (Fla. 3d DCA 1963).
Also see, Majestic II, Enterprises, Inc. v. Butler, 372 So.2d 548 (Fla. 3d DCA 1979).
None of defendants in their transfer motions refute the fact that Pizza Hut's resident agent is in Broward County. They only claim in their briefs that Pizza Hut has agents in Broward, Alachua and Bradford. Defendant Pizza Hut never alleges the location of its resident agent.
The defendants rely on Inter-Medic Health Centers, Inc. v. Murphy, 400 So.2d 206 (Fla. 1st DCA 1981), which held:
Section 47.021, Florida Statutes, provides that, regarding multiple defendants residing in different counties, venue "may be brought in any county in which any defendant resides." However, this provision is inapplicable where a corporate defendant resides in the same county as an individual defendant, even though the corporate defendant may have other residences; in such circumstances venue is proper, pursuant to section 47.011, Florida Statutes, only in the county of "joint residence." See Enfinger v. Baxley, 96 So.2d 538 (Fla. 1957); Maloney v. Fleishaker, 238 So.2d 496 (Fla. 2d DCA 1970).
However, Inter-Medic and other cases cited concern joint residency.
While we believe the place where the accident occurred may be a better place for the action, we do not believe the plaintiff erred in his initial choice of Broward County. A plaintiff's venue selection will not be disturbed as long as his selection is one of the alternatives provided by the statute governing venue. Bassett v. Talquin Electric Cooperative, 362 So.2d 357 (Fla. 1st DCA 1978), cert. denied, 368 So.2d 1374 (Fla. 1979). Where there are multiple defendants, venue lies in the county where any one of the defendants reside. § 47.021, Fla. Stat. (1987). We cannot presume that the trial court relied on the doctrine of forum non conveniens, section 47.122, Florida Statutes (1987), since the defendants' motions failed to show substantial inconvenience or undue expense in plaintiff's choice of forum. Taylor v. Dasilva, 401 So.2d 1161 (Fla. 3d DCA 1981). Accordingly, the order here appealed transferring the action from Broward County to Alachua County is reversed.
REVERSED AND REMANDED.
LETTS and STONE, JJ., concur.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
I would affirm the trial court's change of venue on the authority of Enfinger v. Baxley, 96 So.2d 538 (Fla. 1957). In that case a foreign corporation and a Florida resident were joined as defendants. The foreign corporation had agents and employees in more than one county and the plaintiff chose to sue in one of those counties where neither the individual defendant resided or the accident took place. The supreme *1131 court held that the individual defendant could claim a venue privilege even though the foreign corporation, had it been sued alone, would not have been entitled to a change in venue. The same reasoning should apply here to justify the trial court's transfer of venue to the county where the accident took place.