559 So.2d 656 (1990)
WALDEN LEASING, INC., Snappy Car Rental, Inc., and Vickie L. Shane, Appellants,
v.
Dominic MODICAMORE and Catherine Modicamore, Individually and As Personal Representatives of the Estate of Anthony Modicamore, Deceased, Appellees.
No. 89-3185.
District Court of Appeal of Florida, Fourth District.
March 21, 1990.
Rehearing and Stay Denied May 17, 1990.
*657 Geoffrey B. Marks of Walton Lantaff Schroeder & Carson, Miami, for appellants.
Michael J. Carbo of Ferrero, Middlebrooks, Strickland & Fischer, P.A., Fort Lauderdale, for appellees.
PER CURIAM.
The appellants-defendants appeal an order denying a motion to change venue from Broward County to Palm Beach County. We reverse.
The defendants argue that the action should have been transferred to Palm Beach County because the individual defendant resides in Palm Beach County and one of the corporate defendants has an office in Palm Beach County. Although an action against multiple defendants residing in different counties may be brought in any county in which any defendant resides, an exception has been carved out where a corporate defendant resides in the same county as the individual defendant. In such event, venue is only proper in the county of the joint residency. Inter-Medic Health Centers, Inc. v. Murphy, 400 So.2d 206 (Fla. 1st DCA 1981). Therefore, the trial court here erred in failing to grant the motion to transfer the action to Palm Beach County.
Despite the foregoing authority, the plaintiff relies on Berdos v. Dowling, 544 So.2d 1129 (Fla. 4th DCA 1989). That case is inapplicable here since the parties in Berdos were not requesting a transfer to the county where there was joint residency. Moreover, Berdos concerned the sufficiency of affidavits. Thus, Berdos is not dispositive on the matter now before this court.
Accordingly, we reverse the order denying the transfer of venue.
REVERSED.
ANSTEAD, LETTS and GLICKSTEIN, JJ., concur.