HARRIS, Judge.
Barbara Buggs Simmons (Simmons) sued International Fidelity Insurance Company (Fidelity) and Donald and Yvonne Vaccaro (the Vaccaros) in Brevard County. The complaint contends that Fidelity had “agreed to be bound by and responsible for all acts committed by Robert Varner and Robert Varner, Jr., d/b/a AA Bail Bonds of Brevard County in their actions as Bail Bondsmen or agents of International Fidelity Insurance Company, as evidenced by its filings with the State of Florida, Office of Insurance Commission.” These filings were not attached to the complaint; hence we are unable to discern from the pleadings what the alleged agreement was. Nor can we tell from the complaint that any such agreement was breached.[1]
The complaint further contends that Fidelity and the Vaccaros are liable for damages because of the negligent employment and retention of AA Bail Bonds of Brevard County as an agent and because they failed to properly supervise AA Bail Bonds.
Fidelity and the Vaccaros moved to transfer venue on the basis that the Vaccaros live in Citrus County and Fidelity has its office in Citrus County and that neither has any connection with Brevard County, and that the cause of action, if any, arose in Citrus County. The court granted the motion as to the Vaccaros. Simmons appeals; we affirm. The court denied the motion of Fidelity. Fidelity appeals; we reverse.
First, the court improperly split this case between two counties. See Walden Leasing, Inc. v. Modicamore, 559 So.2d 656 (Fla. 4th DCA 1990). Second, we believe that the alleged causes of action arose in Citrus County and, therefore, there was no basis for jurisdiction in Brevard County.
The fact that AA Bail Bonds might have committed tortious acts in Brevard County (AA Bail Bonds is not a party to this action) does not change the fact that the negligent hiring and retention, if any, and the alleged lack of supervision, took place in Citrus County.
REVERSED and REMANDED.
W. SHARP and GOSHORN, JJ„ concur.

. It is not necessary in this appeal that we consider whether Simmons actually stated a cause of action. However, it is difficult to consider appel-lees’ obligation under the alleged agreement or its duty to supervise AA Bail Bonds when the complaint does not allege that the tortious acts of AA Bail Bonds were committed in relation to its bail bond activities. The acts of employees of AA Bail Bonds in assaulting Simmons, in so far as we can tell from the complaint, could have been motivated by personal rather than professional reasons.