DAUKSCH, Judge.
This is an appeal from an order changing venue from Orange to Hardee County.
Appellant sued Florida Farm Bureau General Insurance Company and James B. Johns. Appellee Johns, appellant’s estranged husband, is alleged to have wrongfully converted funds from checks written by appellee Florida Farm Bureau. The insurance company is alleged to have owed both Ruth and James Johns money for fire damage to jointly owned property, to have wrongfully paid James and failed to pay appellant. James B. Johns lives in Hardee County and Farm Bureau has offices in both Hardee and Orange counties.
James B. Johns answered the complaint and did not seek a venue change. He has waived a change of venue, if he was entitled to a change.
We believe Sage v. Travelers Indemnity Co. of Hartford, 239 So.2d 831 (Fla. 4th DCA 1970) is on point and good law. Sage holds that if the plaintiff and an individual defendant agree upon a specific venue, explicitly or implicitly, and the corporate co-defendant has an agent in the county where the suit is brought then venue should remain there.
However, that is not the end of it; where the cause of action arose, where the witnesses reside and where the documentary evidence is located are all relevant questions when deciding the proper venue to try the lawsuit. The most convenient place, forum conveniens, is the most important factor to consider when venue is challenged. See Brown & Williamson Tobacco Corp. v. Young, 690 So.2d 1377 (Fla. 1st DCA 1997).
The facts of this case to be considered are as follows. The Farm Bureau checks were made payable to both Johns and were drawn upon an Alachua County bank. The checks show an address for Farm Bureau in Gainesville, Florida, which is in Alachua County. It is alleged that appellee Johns deposited the checks, without endorsements, in his account in Hardee County. They went, of course, through banking channels to be paid by the bank in Alachua County. After his depositing the checks, Johns obtained the money from the Hardee County bank and converted them to his own use or benefit. In order to prove a case against appellee Farm Bureau, if she can, it will be necessary that witnesses and documents be obtained from Farm Bureau in Alachua County, the bank in Alachua County, the bank or banks in Hardee County, appellee Johns in Hardee County and perhaps his daughter (who was a co-owner of one of the accounts he used) in some county. Thus, there is no particular county which is most convenient in all respects. In fact, Orange County, where the suit was brought, where the appellant and individual defendant have settled upon, and where appellant’s attorney resides is probably the most convenient because that county is about half-way between Alachua and Hardee.
Following Sage and being convinced in addition that Orange County is not a forum non conveniens, we must determine the trial judge abused his discretion in changing the venue of this lawsuit. The order is quashed.
QUASHED.
PETERSON, C.J., and THOMPSON, J., concur.