THE COUNTY OF SANTA ROSA AND J. F. POORE, J. D. JOHNSON, J. E. KEEN, W. J. WELLS AND J. P. DIAMOND, AS THE BOARD OF COUNTY COMMISSIONERS OF SANTA ROSA COUNTY, FLORIDA, *Plaintiffs in Error*, v. J. B. TROBUCK, L. E. NOBLES AND C. J. OERTLING, CO-PARTNERS TRADING UNDER THE FIRM NAME OF PENSACOLA TOW BOAT & LIGHTERAGE COMPANY, *Defendants in Error*.

Opinion Filed January 23, 1919.

Section 1383 of the General Statutes of 1906 secures to a natural person the right or privilege of being sued either in the county of his residence or in the county where the cause of action accrued. Not that he may elect in which county the suit shall be brought against him, but that it shall be brought in one or the other of such counties.

A Writ of Error to the Circuit Court for Santa Rosa County; A. G. Campbell, Judge.

Judgment reversed.

*John P. Stokes* and *W. W. Clark,* for Plaintiffs in Error;

*Blount & Blount & Carter* and *Scott M. Loftin,* for Defendants in Error.

ELLIS, J.—The plaintiffs in error as the plaintiffs below commenced an action in the Circuit Court for Santa Rosa County against J. B. Trobuck, L. E. Nobles and C. J. Oertling as co-partners under the firm name of Pensacola Tow Boat & Lighterage Company, who will be referred to as the defendants herein. The action was commenced to recover damages against the defendants for an injury to a certain bridge of the plaintiffs over Blackwater River in Santa Rosa County.

Service of the summons was made upon the defendants in Escambia County by the Sheriff of that county.

The defendants pleaded that they are and were at the time the "suit was instituted" citizens of the State of Florida, and resided in the county of Escambia and not elsewhere; that the summons *ad respondendum* was served upon each of them in Escambia County and not elsewhere, and that they each claim the right and privilege of being sued in Escambia County, the county of their residence.

The plaintiffs demurred to the plea and assigned as matter of law to be argued that: First, the plea constitutes no defense; second, that it shows no lack of juris-

diction of the court over the persons of the defendants; third, that it does not "allege or show that this court has no jurisdiction in the county of Escambia;" fourth, that the plea does not "show that the cause of action sued upon in this cause did not accrue in Santa Rosa County;" fifth, that it does not show that the proper affidavit of good faith was not filed with the praecipe as the law requires, and, sixth, that the plea contains no "allegations which show or tend to show that this court is of such limited jurisdiction as intimated in said plea."

The court below overruled the demurrer, and plaintiffs declining to reply to the plea, judgment was entered abating the action with costs against the plaintiffs. To this judgment plaintiffs took a writ of error.

It is contended in behalf of the defendants that the judgment was correct upon the authority of the case of Brown v. Booth, reported in 73 Fla., pages 65, 66, 74 South. Rep. 215, and should be affirmed. On the contrary, the plaintiffs contend that the case of Brown v. Booth, *supra*, should not be followed, but should be disapproved.

In the case of Brown v. Booth, *supra,* an action was brought on a promissory note in Hillsborough County. The defendants pleaded, as the record in the case shows, that the note was executed and delivered in Pinellas County, that they resided in and were served with process in that county, and that the cause of action accrued there, and claimed the privilege of being sued in that county. This court held the plea to be good. A petition for a rehearing was filed on the ground that the "date line" of the note sued on showed that it was made in Hillsborough County and to sustain the plea would be

to permit the "terms of the written instrument to be varied by parol." This court did not consider that point, but denied the rehearing upon the ground that as the defendant was served with process in Pinellas County where he resided, and not in Hillsborough County where the *note* was *made payable,* he could claim the privilege of being sued in the county of his residence. The record in the case shows, although the opinion does not so state, that the plea averred that the cause of action accrued in Pinellas County. There was nothing in the plea to show by what means the averment that the note was made in Pinellas County was to be supported; the averment was the ultimate fact that it was made there, and as the averments of the plea were admitted to be true by the demurrer, and the plea itself averring according to the record in the case that the cause of action accrued in Pinellas County, it was held that the plea was good. So in the last analysis the case of Brown v. Booth, *supra,* is not out of harmony with the rule that an action may be brought either in the county where the cause of action accrued or where the defendant resides. See Section 1383, Gen. Stats. 1906, Compiled Laws, 1914.

The case of Brown v. Booth, *supra,* seems to have been regarded by counsel for both plaintiffs and defendants, however, as authority for the proposition that regardless of where the cause of action accrued the defendant has the right to be sued in the county of his residence if he was served by process in the latter county.

In the case of Williams v. Peninsular Grocery Co., reported in 73 Fla. at pages 937 to 969, 75 South. Rep. 517, decided a little more than three months after the case of Brown v. Booth was decided, this court held that a plea

of privilege such as was interposed in this case was not good if it failed to aver that the cause of action did not accrue in the county where the action was brought. In the Williams case the defendant who was sued in Duval County as endorser of the note, pleaded that he was a resident of Marion County and that the cause of action did not accrue against him as *endorser* in Duval County. The court held that an endorser's obligation was determined by the statute (Section 2999, General Statutes, 1906) to pay the note according to its tenor, but that an endorser of a promissory note might by contract impose the condition that the note when dishonored should be presented to him for payment at a certain place, other than where it was made or to be paid, and as the plea did not aver the existence of such a contract, the law would presume as against the plea that the cause of action accrued in the county where it was brought. (See Dibble v. Truluck, 11 Fla. 135, text 137). The plea was held to be bad for uncertainty. So it was in effect held that it was not sufficient in a plea of this character merely to aver that the defendant resides in a county different from that in which the action was brought.

In so far as the decision in Brown v. Booth, *supra*, may be regarded as holding to a contrary doctrine it was overruled by the case of Williams v. Peninsular Grocery Company, *supra*, but a careful reading of the cases shows that they are not necessarily in conflict.

In the case of Bucki v. Cone, 25 Fla. 1, 6 South. Rep. 160, a case similar in some respects to the one at bar, the court speaking through Mr. Justice MAXWELL, said that the action might be brought "either in the county in which the defendant resides or (in which) the cause

.VOL. 77, JANUARY TERM, 1919. · 91

The County of Santa Rosa et al. v. Torbuck et al.—Opinion of Court.

of action accrued." In the case of Sanchez v. Haynes, 35 Fla. 619, 18 South. Rep. 27, this court, speaking through Mr. Justice Taylor, referring to Chapter 3721, Laws of Florida, 1887, said that until the adoption of that act there was no provision of law by which service of process could be procured in cases where the defendant resided in a county other than that in which the cause of action accrued and the suit was brought in the latter county or any county other than that in which the defendant resided, unless the defendant could be caught within and served with process *in the county in which the suit was brought.* "The Act of 1887 was designed to perfect the right already possessed by the creditor of instituting his suit for the collection of his claim in the county where the *cause of action* accrued, whether it was the residing place of the defendant or not, by extending to him the *further right* to send out the process of the court where his suit was brought into any county of the State within which the defendant might be found either permanently or temporarily located, there to be served upon him by any officer there authorized to serve it." See also Curtis v. Howard, 33 Fla. 251, 14 South. Rep. 812; Parkhurst v. Stone, 36 Fla. 456, 18 South. Rep. 594; Chapman v. Reddick, 41 Fla. 120, 25 South. Rep. 673; Painter Fertilizer Co. v. DuPont, 54 Fla. 288, 45 South. Rep. 507; Williams v. Peninsular Grocery Co., *supra.*

Since the passage of the Act of 1829, Section 1383, General Statutes, 1906, this court has consistently held that a natural person has the right or privilege of being sued in the county of his residence or in the county where the cause of action accrued. Not that he may elect in which of the two counties he shall be sued, but that his privilege was secured if the action was brought

in either and service obtained upon him of process. And as was said in Sanchez v. Haynes, *supra*, the Act of 1887, Chapter 3721 provided for the service of process upon the defendant when he resided in a county other than that in which the cause of action accrued and in which the suit was brought. In Brown v. Booth, *supra*, the facts as admitted by the demurrer showed that the cause of action accrued, that the defendant resided and was served with process in a county other than that in which the action was brought, and the court held the plea to be good.

In the case at bar the demurrer to the plea should have been sustained upon the second, third and fourth grounds because the plea did not aver that the cause of action did not accrue in the county in which the suit was brought. The judgment is, therefore, reversed.

All concur.