96 So.2d 538 (1957)
Dan E. ENFINGER, Petitioner,
v.
Loudoun Warren BAXLEY, Respondent.
Supreme Court of Florida.
July 31, 1957.
*539 Kurz, Maness & Toole, Jacksonville, for petitioner.
Bedell & Bedell, Jacksonville, for respondent.
ROBERTS, Justice.
We here review on certiorari an order of the lower court denying defendant-petitioner Enfinger's motion to dismiss for improper venue. The plea of privilege was properly made by motion to dismiss, Inverness Coca-Cola Bottling Co. v. McDaniel, Fla. 1955, 78 So.2d 100; and an order denying a motion to dismiss for improper venue may be reviewed by this court on certiorari. Kauffman v. King, Fla. 1956, 89 So.2d 24.
The facts are that the plaintiff-respondent Baxley, a resident of Polk County, Florida, filed suit in the Circuit Court of Duval County against Enfinger, also a Polk County resident, for injuries sustained in Polk County allegedly as a result of Enfinger's negligence. Joined as a party defendant was the Atlantic Coast Line Railroad Company, Enfinger's employer. The railroad company, a foreign corporation, has an agent in and does business in both Polk County and Duval County.
The question here is whether in these circumstances the lower court erred in denying defendant Enfinger's plea of privilege to be sued in Polk County, the county of his residence and where the cause of action accrued, as granted to him by Section 46.01, Fla. Stat. 1955, F.S.A. The answer to this question depends upon the effect of Section 46.02 and Section 46.04 on the rights of the parties.
Sec. 46.02 provides that "Suits against two or more defendants residing in different counties * * * may be brought in any county * * * in which any defendant *540 resides." Sec. 46.04 provides that suits against a foreign corporation doing business in this state "shall be commenced in a county * * * wherein such company may have an agent or other representative, or where the cause of action accrued * * *".
In L.B. McLeod Const. Co. v. State, 1932, 106 Fla. 805, 143 So. 594, 596, this court applied Section 4220, C.G.L. 1927 (Section 46.02, supra), in determining a venue question presented in a suit against two corporate defendants and held that "where two corporations are otherwise properly joined as defendants in an action, the action may be maintained against both corporate defendants in a county in which one of the defendants, if a domestic corporation, `shall have or usually keep an office for the transaction of its customary business'; or, if one of the defendants is a foreign incorporated company doing business in this state, the action may be maintained in a county wherein such codefendant company `may have an agent or other representative'." Accord: Inverness Coca-Cola Bottling Co. v. McDaniel, Fla. 1955, 78 So.2d 100.
If Section 46.02, supra, comprehends a corporate defendant and is applicable in a suit against two corporate defendants, as was held in the two cases above-cited, it is equally applicable in a suit against a corporate defendant and an individual defendant, and we so hold.
The clear import of the two cases above-cited is that a corporate defendant "resides", within the meaning of Section 46.02, in the county or counties specified in Section 46.04, that is, if a domestic corporation "in the county (or justice's district) where such corporation shall have or usually keep an office for the transaction of its customary business" and, if a foreign corporation doing business in this State "in a county or justice's district wherein such company may have an agent or other representative." Here, the Railroad Company "resides" in Polk County as well as in Duval County. So the question here is whether the individual defendant and the corporate defendant reside "in different counties" within the meaning of Section 46.02, supra. We have concluded that they do not.
Section 46.02 places a qualification upon the venue privilege granted to an individual defendant by Section 46.01 and to a corporate defendant by Section 46.04. Inverness Coca-Cola Bottling Co. v. McDaniel, supra, 78 So.2d 100, 102. It gives a plaintiff the right to make the final choice of the forum in which his suit will be tried as between the conflicting interests of defendants whose venue privileges, as granted by Section 46.01 and/or Section 46.04, do not fall within the same county. The applicability of the statute is clear where the venue privileges of the defendants are co-equal and not co-existent in the same county. Here, however both defendants "reside" in Polk County, even though the corporate defendant may also be said to "reside" in Duval County. If sued alone, the defendant corporation would have no greater right, under Section 46.04, to be sued in Duval County than in Polk County since it has an agent in both counties; but the individual defendant if sued alone would have the privilege, under Section 46.01, of being sued in Polk County. In this situation, we do not think Section 46.02 should be applied to give to a plaintiff the right to choose the forum in which to bring his suit. "The right of a plaintiff to have an action tried in another county than that in which the defendant has his residence is exceptional, and, if the plaintiff would claim such right, he must bring himself within the terms of the exception." Brady v. Times-Mirror Co., 106 Cal. 56, 39 P. 209, 210.
We hold, therefore, that where an individual defendant is joined as a party defendant with a foreign corporation defendant, and the corporate defendant has an agent in the county in which the individual defendant resides, Section 46.02 cannot be applied to defeat the individual defendant's *541 venue privilege granted by Section 46.01. Cf. Kauffman v. King, supra, 89 So.2d 24, holding that the joinder of non-resident individual defendants does not defeat the resident defendants' venue privilege granted by Section 46.01.
Accordingly, the writ of certiorari is granted and the order here reviewed is quashed, with directions to sustain the individual defendant's plea of privilege, as contained in its motion to dismiss.
It is so ordered.
TERRELL, C.J., THOMAS and O'CONNELL, JJ., and ALLEN, District Judge, concur.