SPOTO, I. C., Associate Judge.
This is an interlocutory appeal (Rule 4.2, Florida Appellate Rules, 31 F.S.A.) from an order overruling a motion to dismiss an action based on negligence, on the ground that the defendant, John Lee Peterson (appellant here), is privileged to be sued in the county of his residence. The motion to dismiss contains three grounds, but the only question argued before this Court is the question of proper venue. The suit is against the defendant, John Lee Peterson and the Greyhound Corporation, alleged to be a foreign corporation authorized to do business in this state, and alleges the residence of the defendant, Peterson, to be in Duval County. Section 46.01, F.S.A., secures to a natural person the right or privilege of being sued either in the county of his residence or in the county where the action accrued. The defendant may not elect in which county the suit shall be prosecuted against him but it must be brought in one or the other of such counties. See Santa Rosa County v. Trobuck, 77 Fla. 86, 80 So. 748. The defendant relies mainly on the following statement of law as laid down by the Supreme Court of Florida in the case of Enfinger v. Baxley, 96 So.2d 538, 540:
“The right of a plaintiff to have an action tried in another county than that in which the defendant has his residence is exceptional, and, if the plaintiff would claim such right, he must bring himself within the terms of the exception.”
He argues that the plaintiff has not brought himself within the terms of the exception as outlined above and has failed to clearly establish his right to have the action tried in Polk County, basing his contention on two grounds: first, that it does not appear on the face of the complaint that the cause of action accrued in Polk County, and second, that the plaintiff did not timely file a proper affidavit in good faith. With this contention we cannot agree.
The allegations of the complaint as to where the cause of action accrued are as follows:
“Phillip Ray Kirk was a passenger in a certain motor vehicle which was proceeding in a northerly direction on Massachusetts Avenue at or near the intersection of said avenue with Lemon Street, in the City of Lakeland, Polk County, Florida. * * * That at said time and place the defendant, John Lee Peterson, acting within the scope of his employment, was driving and operating a certain GMC passenger bus in an easterly direction on Lemon Street; at or near the intersection of said street and Massachusetts Avenue, in the City of Lakeland, Florida. * * that said defendant did so carelessly and negligently operate and drive said passenger bus so as to cause the same to collide with the motor vehicle in which the said Phillip Ray Kirk was then and there a passenger, said collision occurring at or near the inter *658 section of Massachusetts Avenue and Lemon Street, in the city of Lakeland, Florida; * *
The complaint sufficiently alleges that the cause of action accrued in Polk County.
Section 46.01, F.S.A., provides that if the suit is brought in any county or justice district where the defendant does not reside, the plaintiff, or some person in his behalf, shall make and file with the complaint what is generally termed an affidavit of good faith. Filed with the complaint was such an affidavit. It, however, did not comply in all respects with the statute, whereupon a motion to dismiss was filed by the defendant Peterson on the ground of lack of venue. This motion was sustained by the trial Court with leave on the part of the plaintiff to amend, whereupon the plaintiff filed another affidavit of good faith which complied with the statute, whereupon the motion to dismiss directed to the complaint as amended was denied, the appeal being from the ruling on the latter motion to dismiss. The defendant argues that the second affidavit of good faith should have been filed along with the complaint as provided by Section 46.01, F.S.A., or at the latest, before defendant was required to plead. He argues that he has already plead, to-wit, his motion to dismiss. The Supreme Court of Florida in the case of Sullivan v. Arbuthnot, 146 Fla. 276, 200 So. 703, 705, states as follows:
“The record shows that the suit was instituted in the county where the cause of action accrued. Therefore, the court had jurisdiction. That part of the statute which provides: .‘If brought in any county or justice district where the defendant does not reside, the plaintiff, or some person in his behalf, shall make and file with the praecipe or bill in chancery, an affidavit that the suit is brought in good faith, and with no intention to annoy the defendant’, is directory and not jurisdictional. It was entirely proper for the Court to require the plaintiff to file affidavit of good faith or else suffer the cause to be dismissed, but when he filed the affidavit of good faith as required by the statute before the defendant was required to plead that constituted a substantial compliance with the. statute.”
The trial judge in this case followed the procedure set out above.
The order appealed from is affirmed.
ALLEN, Acting Chief Judge, and SHANNON, J., concur.