SHANNON, Judge.
Appellant, plaintiff below, brings this interlocutory appeal from an order of the court below dismissing his complaint against two of the three defendants in a negligence action. The order dismissing the complaint was based on a special appearance and motion to dismiss for improper venue, and provided in part:
“This ruling is based upon the proposition that these defendants are entitled to be sued either in the County in which they reside or in the County in which the cause of action accrued. See Peterson vs. Kirk [Fla.App.], 103 So.2d 656; Enfinger vs. Baxley [Fla.], 96 So.2d 538 and Santa Rosa Co[unty] vs. Trobuck [77 Fla. 86], 80 So. 748.
“Neither of these factors are present in the subject case. The court also notes that Section 46.01, Florida Statutes 1957 [F.S.A.], was passed subsequent to Section 46.02.
“It is also to be observed that this cause of action accrued in St. Lucie County and two of the three defendants are residents of St. Lucie County. It would impede the administration of justice to have the case tried here in Broward County.”
The plaintiff brought his suit in Brow-ard County, Florida, involving an accident that happened in St. Lucie County. Two of the defendants were residents of St. Lucie County and one was a resident of Broward County. The defendants were sued jointly and separately for negligence. The defendant who was a resident of Brow-ard County was served in that county. The defendants Pemberton and Poole lived in St. Lucie County, and an affidavit of good faith was filed.
The venue question arose from Sections 46.01 and 46.02, Florida Statutes, F.S.A., which provide:
“46.01 Where suits may be begun.— Suits shall be begun only in the county (or if the suit is in the justice of the peace court in the justice’s district) where the defendant resides, or where the cause of action accrued, or where the property in litigation is located.
“If brought in any county or justice district where the defendant does not reside, the plaintiff, or some person in his behalf, shall make and file with the complaint, an affidavit that the suit is brought in good faith, and with no intention to annoy the defendant. This section shall not apply to suits against non-residents.”
“46.02 Suits against defendants residing in different counties or districts. *506 Suits against two or more defendants residing in different counties (or justices’ districts) may be brought in any county or district in which any defendant resides.”
Section 46.02 provides specifically that any action against two or more defendants residing in different counties, may be brought in the county in which any defendant resides, and so we will examine the court’s order in an effort to determine its rationale. In this order are cited three Florida cases: Peterson v. Kirk, Fla.App., 103 So.2d 656; Enfinger v. Baxley, Fla., 96 So.2d 538, and Santa Rosa County v. Trobuck, 77 Fla. 86, 80 So. 748. In Peterson v. Kirk, supra, decided by this court, where the accident had happened in Polk County, Florida, the plaintiff filed his suit in Polk County against the defendants Peterson, the driver of the Greyhound bus, and the Greyhound Corporation, a foreign corporation, alleging that Peterson was a resident of Duval County. This court held that Section 46.01 gave a right or privilege to the defendant of being sued either in the county of his residence or in the county where the accident occurred. The particular question now before us was not decided in that case.
In the Enfinger v. Baxley case, supra, decided by our Supreme Court, suit was brought in Duval County, Florida, against one Enfinger, a resident of Polk County, and against the Atlantic Coast Line Railroad Company, a foreign corporation. The Atlantic Coast Line maintained an agent and carried on business in each of the two counties. The court held that the Atlantic Coast Line resided, within the meaning of Section 46.02, in both Duval and Polk Counties and that since the defendants did not reside in different counties, Polk County would be the proper venue for the suit. Although this case is not determinative of the present issue, the Supreme Court in its opinion made the following observation as to the applicability and effect of Section 46.02:
“Section 46.02 places a qualification upon the venue privilege granted to an individual defendant by Section 46.01 and to a corporate defendant by Section 46.04, Inverness Coca-Cola Bottling Co. v. McDaniel, supra, Fla., 78 So.2d 100, 102. It gives a plaintiff the right to make the final choice of the forum in which his suit will be tried as between the conflicting interests of defendants whose venue privileges, as granted by Section 46.01 and/or Section 46.04, do not fall within the same county. * * [96 So. 2d 540.]
In Santa Rosa Co. v. Trobuck, supra, Santa Rosa County brought suit against Trobuck and others, doing business as Pensacola Towboat and Lighterage Company, for damages to a certain bridge owned by plaintiff and located in Santa Rosa County. All of the defendants resided in Escambia County, and suit was filed in Santa Rosa County. The defendants claimed a right and privilege of being sued in a county in which they all resided, Escambia County. The plaintiff filed a demurrer to the plea, stating that the defendants’ plea did not show that the cause of action did not accrue in Santa Rosa County, and the Court held that the demurrer was well taken. This case is likewise not in point.
Irrespective of whether it would better serve the purpose of judicial administration to try this case in St. Lucie County, Section 46.02 gives the plaintiff the right to elect between St. Lucie County and Brow-ard County, and having elected to bring his suit in Broward County, the inconvenience of so doing cannot be used as a vehicle upon which to negate the plaintiff’s choice.
Reversed.
KANNER, Acting Chief Judge, and FUSSELL, CARROLL W., Associate Judge, concur.