HENDRY, Judge.
Plaintiff, which has its place of business in Dade County, filed suit in the Circuit *95 Court of Dade County against the defendants, Robert H. Davis, Jr., a resident of Dade County and Rampmaster, Incorporated, which has its place of business in Broward County.
The defendants moved for a change of venue and the trial judge entered an order transferring the cause to the Circuit Court of Broward County. It is from this order that plaintiff has taken this interlocutory appeal.
It is appellants’ contention that it was error for the trial court to transfer the action to Broward County, since it appears from the pleadings that the plaintiff has its place of business in Dade County and that one of the defendants, Davis, has admitted that he is a resident of Dade County. We agree with appellant’s contention and reverse.
Section 47.021 Fla.Stat.F.S.A. provides as follows:
“Actions against two (2) or more defendants residing in different counties or districts may be brought in any county or district in which any defendant resides.”
This statute clearly provides that the action may be brought in any county in which any defendant resides. The right to select one of such counties belongs to the plaintiff. If the plaintiff selects any one of the authorized forums, as set forth above in § 47.021, supra, then the court hearing the lawsuit is unauthorized to transfer that action to another jurisdiction for purposes of trial convenience. In the case of Doonan v. Poole, Fla.App. 1959, 114 So.2d 504, the court found that the venue statute here in question, [then § 46.02 (1957)] did not authorize the trial judge to transfer venue for purposes of convenience. The court stated:
“Irrespective of whether it would better serve the purpose of judicial administration to try this case in [the county which was the residence of two of the three defendants], § 46.02 gives the plaintiff the right to elect between [the two defendants’ county of residence] and [the third defendant’s county of residence], and having elected to bring his suit in [the third defendant’s county of residence], the inconvenience of so doing cannot be used as a vehicle upon which to negate the plaintiff’s choice.”
See also Sales v. Berzin, Fla.App.1968, 212 So.2d 23; Atlantic Coast Line R. Co. v. Ganey, Fla.App.1961, 125 So.2d 576; Greyhound Corporation v. Rosart, Fla.App.1960, 124 So.2d 708.
For the reasons stated the order appealed is hereby reversed.