BOOTH, Judge.
This cause is before us on appeal from the order of the trial court denying the motion of defendant, Reliable Electrical Distribution Company, Inc. [REDCO], for change of venue. The facts are that REDCO, a Florida corporation, and Carl J. Acton and Walter B. McCain signed accounts financing security agreements whereby they guaranteed the payment of any debts of Panama Electrical Distributors, Inc. [Panama] owed to Walter E. Heller and Company [Heller], a Louisiana corporation. Thereafter, Panama, a Bay County corporation, defaulted; and that company is now in bankruptcy.
Suit was brought in Bay County against REDCO, Acton and McCain on the three guarantee agreements. Motion to transfer that portion of the action represented by Count 1[1] of the complaint was made on the grounds that REDCO had no office in Bay County; that no cause of action accrued in Bay County and no property in litigation is located there. There is no contention that the individual defendants are not residents of and properly sued in Bay County. The record shows that the guarantee agreement which is the basis of Count I of the complaint was executed August 22, 1974, in Bay County, in the name “Reliable Electrical Distribution Company of Panama City, Inc.” On appeal to this court, however, REDCO’s affidavit that it has no office in Bay County is uncontested. REDCO further points out that the agreement provides for payments to be made at REDCO’s office.
Appellant REDCO contends that it is entitled to be sued in Escambia County under Florida Statutes, § 47.051, which provides:
“Actions against domestic corporations shall be brought only in the county or district where such corporation has, or usually keeps, an office for transaction of *1288 its customary business, or where the cause of action accrued, or where the property in litigation is located . . ”
.Appellee, on the other hand, contends that venue is controlled by Florida Statutes, § 47.021, which provides as follows
“Actions against two or more defendants residing in different counties or districts may be brought in any county or district in which any defendant resides.”
The question is whether the right of a corporate defendant to be sued in the county where it does business controls over the right of the plaintiff in a suit against two or more defendants residing in different counties or districts to bring suit in any county or district in which any defendant resides under § 47.021. This question was answered by the Florida Supreme Court in Enfinger v. Baxley, 96 So.2d 538, 540 (Fla. 1957), wherein the court held that § 47.021 prevails over, and is a qualification of, the venue privilege afforded under § 47.051, as follows:
“Section 46.02 [now F.S. § 47.021] places a qualification upon the venue privilege granted to an individual defendant by Section 46.01 [now F.S. § 47.011] and to a corporate defendant by Section 46.04 [now F.S. § 47.051] . . . . It gives a plaintiff the right to make the final choice of the forum in which his suit will be tried as between the conflicting interests of defendants whose venue privileges, as granted by Section 46.01 and/or Section 46.04, do not fall within the same county. The applicability of the statute is clear where the venue privileges of the defendants are co-equal and are not coexistent in the same county. . .”
Accord, Coggin Pontiac, Inc. v. Putnam Auto Sales, Inc., 278 So.2d 647 (Fla. 1st DCA 1973); Equipment Company of America v. Davis, 223 So.2d 94 (Fla. 3d DCA 1969).
Accordingly, the judgment below is AFFIRMED.
ROBERT P. SMITH and SHAW, JJ., concur.

. Counts II and III of the complaint stated the same cause of action against Defendants Acton and McCain respectively.