POLEN, Judge.
This is an appeal from an order denying appellant’s motion to transfer or alternatively to dismiss based on improper venue. Plaintiff Evelyn Watt sued for personal injuries in Palm Beach County. The accident occurred in Bradford County. It appears that the corporate defendant, The Salvation Army, had offices in both Palm Beach County and Marion County. The individual defendant, appellant Twigg, resides in Marion County.
Pursuant to section 47.021, Florida Statutes (1987), and Enfinger v. Baxley, 96 So.2d 538 (Fla.1957), proper venue would be in Marion County. Accordingly, the trial court erred in denying appellant’s motion.
Although there is argument about whether Palm Beach County would be the more convenient forum for plaintiff in which to litigate [section 47.011, Florida Statutes (1987)], it does not appear that this argument was the basis of the court’s ruling. In any event, the record does not support a transfer of venue from Marion County (had the suit been properly filed there) to Palm Beach County based on forum non conveniens.
Reversed and remanded for further proceedings consistent with this opinion.
ANSTEAD and GLICKSTEIN, JJ., concur.