623 So.2d 587 (1993)
The SINCLAIR FUND, INC. Jeffrey L. Kirsch, and Krystyna Ochocinski, Appellants,
v.
William H. BURTON, Jr., and Mark L. Smith, Appellees.
No. 93-0951.
District Court of Appeal of Florida, Fourth District.
August 25, 1993.
Steven H. Rubin of Haley, Sinagra & Perez, P.A., Fort Lauderdale, for appellants.
Charles E. Steinberg of The Law Office of Charles E. Steinberg, P.A., Stuart, for appellee  William H. Burton, Jr.
KLEIN, Judge.
Defendants appeal an order denying a motion to change venue from Martin County to Broward County. We reverse.
Plaintiff sued defendants in Martin County, alleging that the defendants had failed to repay a loan he made to them. He further *588 alleged that the payments were to be made in Martin County. Defendants moved to transfer venue to Broward County because one of the individual defendants is a resident of Broward County and defendant Sinclair Fund, Inc., a New Jersey corporation, has an office in Broward County.
When a foreign corporation has an office in Florida, it is deemed to reside in the county in which the office is located for venue purposes. L.B. McLeod Const. Co. v. State, 106 Fla. 805, 143 So. 594 (Fla. 1932). Although generally an action against multiple defendants residing in different counties may be brought in any county in which a defendant resides, section 47.021, Florida Statutes (1992), where a corporate defendant resides in the same county as an individual defendant, venue is only proper in that county of joint residence. Enfinger v. Baxley, 96 So.2d 538 (Fla. 1957); Walden Leasing, Inc. v. Modicamore, 559 So.2d 656 (Fla. 4th DCA 1990); Inter-Medic Health Centers, Inc. v. Murphy, 400 So.2d 206 (Fla. 1st DCA 1981).
Plaintiff persuaded the trial court that venue in a contract action for payment of money is in the county where payment is to be made, citing Estes v. Pioneer Bonding & Insurance Agency, Inc., 567 So.2d 44 (Fla. 4th DCA 1990). Plaintiff argues that contract actions are not governed by the principle announced in Enfinger, but cites no authority to support this argument. The first district recently applied the Enfinger rule in a breach of contract action against a corporate defendant and an individual defendant residing in the same county. Levy County School Board v. Bowdoin, 607 So.2d 479 (Fla. 1st DCA 1992).
Reversed.
GUNTHER and POLEN, JJ., concur.