727 So.2d 1077 (1999)
LIFEMARK HOSPITALS OF FLORIDA, INC., d/b/a Palmetto General Hospital, Alvaro Gordo, M.D. and Alvaro Gordo M.D., P.A., Appellants,
v.
Odalys ROQUE and Eddy Soto individually, and as parents and legal guardians of Damaris Roque, Appellees.
Isidor Cardella, M.D., Appellant,
v.
Odalys Roque and Eddy Soto individually, and as parents and legal guardians of Damaris Roque, Appellee.
Nos. 98-2298, 98-2301.
District Court of Appeal of Florida, Fourth District.
February 24, 1999.
*1078 Gail Leverett Parenti of Parenti, Falk & Waas, P.A., Coral Gables, for Appellant-Palmetto General.
Philip D. Parrish of Stephens, Lynn, Klein & McNicholas, P.A., Miami, for Appellants-Alvaro Gordo, M.D., and Alvaro Gordo, M.D., P.A.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham, & Ford, P.A., Fort Lauderdale, for Appellant-Isidor Cardella, M.D.
Richard A. Sherman and Rosemary B. Wilder of Law Offices of Richard A. Sherman, P.A., and Wilton L. Strickland of Strickland & Seidule, P.A., Fort Lauderdale, for appellees.
PER CURIAM.
Defendants appeal a non-final order denying their motion to dismiss or transfer venue from Broward to Dade County. Appellees reside in Broward County. The record establishes that defendant Lifemark Hospitals of Florida, Inc. d/b/a Palmetto General Hospital, is a Florida corporation with its hospital, Palmetto General, located in Dade County. The individual defendants, Drs. Gordo and Cardella, reside in Dade County. Drs. Gordo and Cardella are employed by Alvaro Gordo, M.D., P.A. The professional association has offices in Dade County and in Broward County. Appellee Odalys Roque received her prenatal care at the Broward County office.
The complaint seeks damages arising from the delivery of infant Damaris Roque at Palmetto General Hospital. The complaint alleges that Dr. Cardella made the decision to attempt a vaginal rather than caesarean delivery, despite being advised by the mother that she was a poor risk for a vaginal birth. The complaint further alleges that Dr. Cardella negligently attempted a "trial of labor" resulting in a rupture of the uterus and that the defendants then negligently delayed the caesarean section, resulting in the infant being born deaf, blind, and neurologically impaired.
Under section 47.011, Florida Statutes (1997), actions may be brought in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located. In the case of multiple defendants residing in different counties, section 47.021, Florida Statutes (1997), provides that an action "may be brought in any county in which any defendant resides." Section 47.051, Florida Statutes (1997), provides that actions against domestic corporations shall be brought only in the county where such corporation keeps an office for transaction of its business, where the cause of action accrued, or where the property in litigation is located.
Section 47.021 permits an action to be brought in a county in which any defendant resides when the defendants reside in different counties. However, the "joint residency" rule first announced in Enfinger v. Baxley, 96 So.2d 538 (Fla.1957), provides that where multiple defendants have a common county of residence, venue is proper only in that county, even if one or more codefendants also reside in other counties. Sinclair Fund, Inc. v. Burton, 623 So.2d 587 (Fla. 4th DCA 1993); Twigg v. Watt, 558 So.2d 194 (Fla. 4th DCA 1990). Accord Inter-Medic Health Ctrs., Inc. v. Murphy, 400 So.2d 206 (Fla. 1st DCA 1981).
We are not persuaded by appellees' contention that because the individual doctors practice medicine in Broward County they are deemed to reside there. The record shows that for venue purposes, they reside in Dade County. We also conclude that the cause of action accrued in Dade County, where the injuries to the infant occurred. See Tanner v. Hartog, 618 So.2d 177, 181-82 (Fla.1993) (cause of action does not accrue until the injury occurs); Wincor v. Cedars Healthcare Group, Ltd., 695 So.2d 924, 925-926 (Fla. 4th DCA 1997) (for purposes of venue statute, tort action accrues where plaintiff first suffers injury, even where defendant's negligence occurs in another county); Tucker v. Fianson, 484 So.2d 1370, 1372 (Fla. 3d DCA), rev. denied, 494 So.2d 1153 (Fla.1986) (although defendant "negligently shot his arrow into the air of Broward County, it did no harm and had no effect until it fell to the earth in Dade.").
*1079 In light of our holding, we need not reach appellants' alternative, forum non conveniens argument. Accordingly, we reverse and remand with directions to transfer venue to Dade County.
REVERSED and REMANDED WITH DIRECTIONS.
DELL, SHAHOOD and TAYLOR, JJ., concur.