ALLEN, J.
 

 The appellants challenge an order granting the appellees’ motion to abate for im
 
 *1228
 
 proper venue and transferring the appellants’ action from Suwannee County to Dade County. The trial court granted the motion based on the joint residency rule, set out in
 
 Enfinger v. Baxley,
 
 96 So.2d 538 (Fla.1957). Because the joint residency rule does not preclude a plaintiff from electing a venue where the cause of action accrued, we reverse the order.
 

 The appellants filed a complaint in Suwannee County alleging that they were due payment of monies owed by the ap-pellees, which payment was to occur in Suwannee County. The appellees filed a motion to abate for improper venue, contending that pursuant to the joint residency rule, venue was proper only in Dade County, where the corporate and individual defendants resided.
 

 In
 
 Enfinger,
 
 the Florida Supreme Court set out the joint residency rule, which requires that when a natural person is sued along with a corporate defendant, and there is a county in which both the individual and corporate entity reside, venue is proper only in the county of joint residency. 96 So.2d at 540-41. This rule is an exception to section 47.021, Florida Statutes, which provides that a plaintiff may bring an action against multiple defendants in any county in which any defendant resides.
 

 However, the joint residency rule is not an exception to section 47.011, Florida Statutes, the general venue statute, which permits a plaintiff to file a civil action where the cause of action accrues.
 
 See Enfinger,
 
 96 So.2d at 539-41 (finding the joint residency rule to apply where both the cause of action and the individual and corporate defendants’ residences were in the same county);
 
 Carbone v. Value Added Vacations, Inc.,
 
 791 So.2d 1217, 1220 (Fla. 5th DCA 2001) (stating “venue based on residency is proper only in the county of joint residence”). Because the cause of action in this case as alleged by the appellants accrued in Suwannee County, venue was proper in Suwannee County, and the motion to abate for improper venue should have been denied.
 

 On facts analogous to those in this case and relying on
 
 Enfinger,
 
 the Fourth District held in
 
 Sinclair Fund, Inc. v. Burton,
 
 623 So.2d 587 (Fla. 4th DCA 1993), that in a contract action for payment of money, venue was not proper where payment was to be made, but was only proper in the county in which the individual and corporate defendant jointly resided. We reject this interpretation of
 
 Enfinger,
 
 and certify conflict between
 
 Sinclair Fund
 
 and our decision in the present case. Accordingly, the order under review is reversed and the case is remanded.
 

 WOLF, and DAVIS, JJ., concur.