DAMOORGIAN, J.
 

 The Browns appeal the trial court’s order granting Kim J. Nagelhout, Helena Chemical Co., Inc., and CSX Transportation, Inc.’s motion to transfer venue from Broward County to Pasco County, Florida. We affirm.
 

 The Browns filed a complaint in Bro-ward County against Nagelhout, Helena Chemical, and CSX, alleging multiple causes of action for a collision that occurred in Pasco County. Nagelhout and Helena Chemical subsequently filed a motion to transfer venue from Broward Coun
 
 *84
 
 ty to Pasco County, and CSX joined in the motion. The trial court granted the motion to transfer venue, relying upon what is now known as the joint residency rule enunciated by the Florida Supreme Court in
 
 Enfinger v. Baxley,
 
 96 So.2d 538 (Fla.1957). The court concluded that venue lies in Pasco County because Nagelhout and Helena Chemical both reside there. On appeal, the Browns contend that the joint residency rule does not apply to the facts of this case.
 

 A trial court’s order granting a motion to transfer venue based on a plaintiffs erroneous venue selection is subject to de novo review.
 
 See Blackhawk Quarry Co. of Fla., Inc. v. Hewitt Contracting Co.,
 
 931 So.2d 197, 199 (Fla. 5th DCA 2006) (citing
 
 PricewaterhouseCoopers LLP v. Cedar Res., Inc.,
 
 761 So.2d 1131, 1133 (Fla. 2d DCA 1999)).
 

 Our review requires application of two venue statutes. Section 47.011, Florida Statutes (2009), provides that “[ajctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.” In cases involving multiple defendants residing in different counties, actions “may be brought in any county in which any defendant resides.”
 
 See
 
 § 47.021, Fla. Stat. (2009). However, the Florida Supreme Court has determined that venue lies in the county where an individual defendant and corporate defendant share a residence, which is also the location where the cause of action accrued. Enf
 
 inger,
 
 96 So.2d at 539-41.
 

 In
 
 Enfinger,
 
 the Florida Supreme Court stated that an individual defendant has a venue privilege in his or her county of residence in those instances in which the residence of the individual defendant and the location where the cause of action accrued are in the same county.
 
 Id.
 
 at 539-40. The court noted that the individual defendant maintains this venue privilege in his or her county of residence when the individual defendant is sued together with a corporate defendant and the corporate defendant resides in the same county as the individual defendant.
 
 Id.
 
 at 540-41. Under these circumstances, the court concluded that venue lies in the common county of residence between the individual and the corporate defendant.
 
 Id.; see Lifemark Hosps. of Fla., Inc. v. Roque,
 
 727 So.2d 1077, 1078 (Fla. 4th DCA 1999). The principle outlined in
 
 Enfinger
 
 ultimately became known as the joint residency rule.
 
 See Lifemark Hosps.,
 
 727 So.2d at 1078.
 

 In this case, the Browns incorrectly argue that the joint residency rule does not apply where all defendants do not share a county of residence. The trial court found that (a) the Browns resided in Broward County; (b) Nagelhout resided in Pasco County; (c) Helena Chemical had a business residence in Pasco County; and (d) CSX’s principal place of residence was in Duval County. The Browns’ causes of action also accrued in Pasco County. Given these facts, Nagelhout has a venue privilege in Pasco County, and he maintains this venue privilege even though he was sued together with Helena Chemical and CSX.
 
 See Enfmger,
 
 96 So.2d at 539-41. Therefore, under the joint residency rule articulated in
 
 Enfinger,
 
 venue lies in Pasco County, which is the common county of residence between Nagelhout and Helena Chemical.
 
 See id,,
 
 at 540-41;
 
 Lifemark Hosps.,
 
 727 So.2d at 1078 (holding that the joint residency rule applies “even if one or more codefendants also reside in other counties”).
 

 We find no merit to any of the other issues raised by the Browns. Accordingly, we affirm the trial court’s order granting
 
 *85
 
 the motion to transfer venue from Bro-ward County to Pasco County.
 

 HAZOURI and MAY, JJ., concur.