POLEN, J.
 

 Plaintiffs seek review of the trial court’s order granting defendants’ motion to dismiss and transferring the case from Palm Beach County to Miami-Dade County. We find that the trial court erred in transferring venue, and reverse.
 
 [1]
 

 Plaintiffs sued defendants in Palm Beach County for the return of deposits on pre-construction contracts. The corporate and individual defendants, all residing in Miami-Dade County, filed motions to dismiss based on the “joint residency rule.”
 

 The joint residency rule was first articulated by our supreme court, when it held:
 

 We hold, therefore, that where an individual defendant is joined as a party defendant with a foreign corporation defendant, and the corporate defendant has an agent in the county in which the individual defendant resides, Section 46.02[
 
 2
 
 ] cannot be applied to defeat the individual defendant’s venue privilege granted by Section 46.01 .[
 
 3
 
 ]
 

 Enfinger v. Baxley,
 
 96 So.2d 538, 540-41 (Fla.1957).
 

 Plaintiffs argue and we agree that the joint residency rule applies only when venue is based upon residency. Here, plaintiffs selected venue based on where the cause of action accrued.
 

 Section 47.011, Florida Statutes (2010), states in relevant part that “[a]c-tions shall be brought only in the county where the defendant resides, where the cause of action accrued,
 
 or
 
 where the property in litigation is located.” (emphasis added). As the First District has stated:
 

 While the primary purpose of venue statutes is to require litigation to be instituted in the forum which will cause the least amount of inconvenience and expense to those parties required to answer and defend the action,
 
 it is the prerogative of the plaintiff to select the venue and as long as that selection is one of the alternatives provided by statute, the plaintiffs selection will not be disturbed. The plaintiffs decision regarding venue is presumptively correct, and the party challenging venue has the burden to demonstrate any impropriety in the plaintiff’s choice.
 

 Barry Cook Ford, Inc. v. Ford Motor Co.,
 
 571 So.2d 61, 61 (Fla. 1st DCA 1990) (emphasis added);
 
 accord Graham v. Graham,
 
 648 So.2d 814, 816 n. 2 (Fla. 4th DCA 1995).
 

 Defendants argue that the joint residency rule is an exception to the general venue statute and mandates venue for this action in Miami-Dade County because the individual and corporate defendants reside there. We disagree.
 

 
 *892
 
 For the joint residency rule to apply in this case, Miami-Dade County must also be where the cause of action accrued. As this court recently held:
 

 [T]he Florida Supreme Court has determined that venue lies in the county where an individual defendant and corporate defendant share a residence,
 
 which is also the location where the cause of action accrued. Enfinger,
 
 96 So.2d at 539-41.
 

 In
 
 Enfinger,
 
 the Florida Supreme Court stated that an individual defendant has a venue privilege in his or her county of residence in those instances in which
 
 the residence of the individual defendant and the location where the cause of action accrued
 
 are in the same county.
 
 Id.
 
 at 539-40.
 

 Brown v. Nagelhout,
 
 33 So.3d 83, 84 (Fla. 4th DCA 2010) (emphasis added);
 
 see also Heartland Organics, Inc. v. MC Devs., LLC,
 
 8 So.3d 1227, 1228 (Fla. 1st DCA 2009) (“[T]he joint residency rule is not an exception to section 47.011, Florida Statutes, the general venue statute, which permits a plaintiff to file a civil action where the cause of action accrues.”).
 

 We recognize that our earlier decision in
 
 Sinclair Fund, Inc. v. Burton,
 
 623 So.2d 587, 588 (Fla. 4th DCA 1993), suggests that the joint residency venue provision in section 42.021, trumps the choice of venue statute. In that case, which involved a contract action for payment of money, we held that venue was not proper where payment was to be made, but was only proper in the county in which the individual and corporate defendant jointly resided.
 
 See id.; see also Heartland Organics, Inc.,
 
 8 So.3d at 1228 (“[Rjelying on
 
 Enfinger,
 
 the Fourth District held in
 
 Sinclair Fund, Inc. ...
 
 that in a contract action for payment of money, venue was not proper where payment was to be made, but was only proper in the county in which the individual and corporate defendant jointly resided. We reject this interpretation of
 
 Enfinger,
 
 and certify conflict between
 
 Sinclair Fund
 
 and our decision in the present case”) However, this court’s subsequent
 
 Brown
 
 decision clarifies the confines of the joint residency rule more directly, and is now the controlling authority in this district.
 

 In sum, because the cause of action did not accrue in the same county as the residence of the defendants, the joint residency rule does not apply. Accordingly, the general venue statute governs and Palm Beach County qualified as an appropriate venue for plaintiffs’ lawsuit. Therefore, the trial court inappropriately transferred venue in this case.
 

 Reversed.
 

 HAZOURI and CIKLIN, JJ„ concur.
 

 [1]
 

 . A trial court’s order granting a motion to transfer venue based on a plaintiff's erroneous venue selection is subject to de novo review.
 
 Brown v. Nagelhout,
 
 33 So.3d 83, 84 (Fla. 4th DCA 2010).
 

 [2]
 

 . Now § 47.021, Fla. Stat. (2010) (“Actions against two or more defendants residing in different counties may be brought in any county in which any defendant resides.”).
 

 [3]
 

 .Now § 47.011, Fla. Stat. (2010) ("Actions shall be brought only in the county where the defendant resides, where the cause of action accrued,
 
 or
 
 where the property in litigation is located. This section shall not apply to actions against nonresidents.”) (emphasis added).