CANADY, C.J.
 

 In this case, we consider the provisions of Florida law governing the selection of venue based on the residency of defendants. Specifically, we address a limitation placed on the selection of venue— known as the joint residency rule — derived from
 
 Enfinger v. Baxley,
 
 96 So.2d 538 (Fla.1957), which held that the selection of venue based on residency was limited to the county of residence shared by the individual defendant and the corporate defendant.
 

 We have for review the decision of the Fourth District Court of Appeal in
 
 Brown v. Nagelhout,
 
 33 So.3d 83 (Fla. 4th DCA 2010), which, based on the joint residency rule, affirmed the grant of a motion for a change of venue to the county of residence shared by the individual defendant and one corporate defendant where there was not a county of residence common to all three defendants. The Fourth District’s decision expressly and directly conflicts with
 
 Aladdin Insurance Agency, Inc. v. Jones,
 
 687 So.2d 937 (Fla. 3d DCA 1997);
 
 Reliable Electrical Distribution Co. v. Walter E. Heller & Co. of Louisiana, Inc.,
 
 382 So.2d 1287 (Fla. 1st DCA 1980); and
 
 Doonan v. Poole,
 
 114 So.2d 504 (Fla. 2d DCA 1959), in which the First, Second, and Third District Courts of Appeal concluded that the joint residency rule was inapplicable to cases in which not all of the defendants shared a common county of residence. We have jurisdiction.
 
 See
 
 art. V, § 3(b)(3), Fla. Const.
 

 Because
 
 Enfinger
 
 was predicated on a serious misinterpretation of the governing statutes, we resolve the conflict by receding from
 
 Enfinger.
 
 We conclude that the Florida courts should uniformly apply the plain language of the venue statutes enacted by the Legislature, not the judicially created joint residency rule. Accordingly, we quash the decision of the Fourth District.
 

 I. BACKGROUND
 

 In June 2009, Willie and Brenda Brown filed a complaint in Broward County, Florida, against Kim Nagelhout, Helena Chemical Co., Inc., and CSX Transportation, Inc., alleging multiple causes of action arising from a collision between a truck owned by Helena Chemical and operated by Na-gelhout and a train operated by CSX, on which Willie Brown was riding. The collision occurred in Pasco County, Florida. Nagelhout and Helena Chemical subsequently filed a motion to dismiss or to transfer venue from Broward County to Pasco County, and CSX joined in the motion. The trial court granted the motion to transfer venue. Relying on
 
 Enfinger,
 
 the trial court concluded that because Na-gelhout and Helena Chemical both reside in Pasco County, Broward County was not a proper venue in which to litigate the
 
 *307
 
 Browns’ complaint.
 
 Brown,
 
 38 So.3d at 84.
 

 The Browns appealed in the Fourth District, contending that because not all of the defendants to this action share a county of residence, the joint residency rule from
 
 Enfinger
 
 does not apply. The Fourth District rejected the Browns’ argument. The Fourth District interpreted
 
 Enfinger
 
 to direct that where an individual defendant is sued together with a corporate defendant and the corporate defendant resides in the same county as the individual defendant, venue lies in the common county of residence.
 
 Brown,
 
 33 So.3d at 84. Because the trial court found that Nagelhout resides in Pasco County and Helena Chemical has a business residence in Pas-co County, the Fourth District concluded that venue lies in Pasco County. The Fourth District stated that it found “no merit to any of the other issues raised by the Browns” and affirmed the trial court’s order granting the motion to transfer venue from Broward County to Pasco County.
 
 Id.
 

 The Browns petitioned this Court for review, alleging express and direct conflict with
 
 Enfinger, Aladdin Insurance Agency,
 
 687 So.2d at 939 (concluding that the joint residency rule was not applicable because there was “no county of residence which [was] common to all three defendants”);
 
 Reliable Electrical Distribution,
 
 382 So.2d at 1288 (concluding that where defendants reside in multiple counties, plaintiff is entitled to choose venue pursuant to section 47.021, Florida Statutes); and
 
 Doonan,
 
 114 So.2d at 506 (concluding that
 
 Enfinger
 
 did not apply where the three defendants did not all share a common county of residence). This Court granted review.
 

 In the analysis that follows, after examining the governing statutory provisions and explaining the basis for receding from
 
 Enfinger,
 
 we then turn to the case on review and determine that the trial court erred in granting the motion for a change of venue.
 

 II. ANALYSIS
 

 The determination of venue in Florida is governed by a series of statutory provisions set forth in chapter 47, Florida Statutes (2011). Section 47.011, Florida Statutes (2011), provides that “[ajctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located.” With respect to corporations, section 47.051, Florida Statutes (2011), provides:
 

 Actions against domestic corporations shall be brought only in the county where such corporation has, or usually keeps, an office for transaction of its customary business, where the cause of action accrued, or where the property in litigation is located. Actions against foreign corporations doing business in this state shall be brought in a county where such corporation has an agent or other representative, where the cause of action accrued, or where the property in litigation is located.
 

 Finally, section 47.021, Florida Statutes (2011), provides that “[ajctions against two or more defendants residing in different counties may be brought in any county in which any defendant resides.” Although these provisions were previously numbered as sections 46.02 and 46.04, respectively, the substance of sections 47.021 and 47.051 has been part of Florida law since 1906.
 
 See
 
 §§ 1384, 1386, Gen.Stat. (1906).
 

 Under this statutory scheme, the plaintiff may select a venue within which to litigate a cause of action based on the residency of the defendants. In the instant case, defendant Nagelhout, an individual, resides in Pasco County. Defendant Helena Chemical, a foreign cor
 
 *308
 
 poration, has a business residence in Pasco County and a registered agent in Broward County. Defendant CSX has its principal place of business in Duval County, Florida, and its registered agent in Leon County, Florida. While it is not clear from the record whether CSX is a domestic or foreign corporation, the defendants do not claim that CSX has “an office for transaction of its customary business” or “an agent or other representative” in Pasco County. § 47.051, Fla. Stat. Thus, based on the above statutes, the Browns had the option to file suit based on residency in Pasco, Broward, Duval, or Leon counties. In their motion to transfer venue, however, the defendants argued that under
 
 En-finger,
 
 venue lay only in Pasco County, where Nagelhout and Helena Chemical share a common county of residence.
 

 A defendant wishing to challenge the plaintiffs selection has “the burden of pleading and proving that the venue is improper.”
 
 Inverness Coca-Cola Bottling Co. v. McDaniel,
 
 78 So.2d 100, 102 (Fla.1955). “When a trial court is presented with a motion to transfer venue based on the impropriety of the plaintiffs venue selection under section 47.011, the trial court must resolve any relevant factual disputes and then make a legal decision whether the plaintiffs venue selection is legally supportable.”
 
 McDaniel Reserve Realty Holdings, LLC v. B.S.E. Consultants, Inc.,
 
 39 So.3d 504, 508 (Fla. 4th DCA 2010) (citing
 
 PricewaterhouseCoopers LLP v. Cedar Resources, Inc.,
 
 761 So.2d 1131, 1133 (Fla. 2d DCA 1999)). “The trial court’s legal conclusions in this regard are reviewed de novo.”
 
 Id.
 

 In
 
 Enfinger,
 
 this Court granted a writ of certiorari, quashing a trial court’s denial of a motion to dismiss for improper venue. Plaintiff Loudoun Baxley, a resident of Polk County, Florida, filed suit in Duval County against Dan Enfinger and Enfinger’s employer, Atlantic Coast Line Railroad Company. Enfinger was a resident of Polk County, and the railroad company, a foreign corporation, had an agent in and did business in both Polk and Duval counties. At that time, section 46.02, Florida Statutes (1955), provided that “[s]uits against two or more defendants residing in different counties ... may be brought in any county ... in which any defendant resides,” and section 46.04, Florida Statutes (1955), provided that suits against foreign corporations doing business in this state were to be “commenced in a county ... wherein such company may have an agent or other representative, or where the cause of action accrued.”
 
 Enfinger,
 
 96 So.2d at 539-40 (quoting §§ 46.02, 46.04, Fla. Stat. (1955)).
 
 [1]
 
 This Court concluded that “a corporate defendant ‘resides,’ within the meaning of Section 46.02, in the county or counties specified in Section 46.04,” and thus, Atlantic Coast Line resided in Polk and Duval Counties.
 
 Enfinger,
 
 96 So.2d at 540.
 

 This Court then concluded that because Enfinger and Atlantic Coast Line both resided in Polk County, the individual defendant and the corporate defendant should not be considered to reside in different counties within the meaning of section 46.02. This Court explained:
 

 The applicability of the statute is clear where the venue privileges of the defen
 
 *309
 
 dants are co-equal and not co-existent in the same county. Here, however both defendants “reside” in Polk County, even though the corporate defendant may also be said to “reside” in Duval County. If sued alone, the defendant corporation would have no greater right, under Section 46.04, to be sued in Duval County than in Polk County since it has an agent in both counties; but the individual defendant if sued alone would have the privilege, under Section 46.01, of being sued in Polk County. In this situation, we do not think Section 46.02 should be applied to give to a plaintiff the right to choose the forum in which to bring his suit. “The right of a plaintiff to have an action tried in another county than that in which the defendant has his residence is exceptional, and, if the plaintiff would claim such right, he must bring himself within the terms of the exception.”
 
 Brady v. Times-Mirror Co.,
 
 106 Cal. 56, 39 P. 209, 210 [(Cal.1895) ].
 

 Enfinger,
 
 96 So.2d at 540. This Court’s holding that where a corporate defendant is subject to suit in the county in which the individual defendant resides, “Section 46.02 cannot be applied to defeat the individual defendant’s venue privilege,”
 
 id.
 
 at 540-41, has become known as the joint residency rule.
 

 In the instant case, the trial court applied the joint residency rule and therefore determined that venue was proper only in Pasco County, where Nagelhout and Helena Chemical shared a residence. Accordingly, the trial court granted the defendants’ motion to change venue.
 

 In Florida, the “presumption in favor of
 
 stare decisis
 
 is strong.”
 
 N. Fla. Women’s Health & Counseling Servs., Inc. v. State,
 
 866 So.2d 612, 637-38 (Fla.2003). Stare decisis “provides stability to the law and to the society governed by that law.”
 
 Rotemi Realty, Inc. v. Act Realty Co.,
 
 911 So.2d 1181, 1188 (Fla.2005) (quoting
 
 State v. Gray,
 
 654 So.2d 552, 554 (Fla.1995)). “Our adherence to stare decisis, however, is not unwavering. The doctrine of stare decisis bends where there has been a significant change in circumstances since the adoption of the legal rule or where there has been an error in legal analysis.”
 
 Puryear v. State,
 
 810 So.2d 901, 905 (Fla.2002) (citation omitted).
 

 Stare decisis does not yield based on a conclusion that a precedent is merely erroneous. The gravity of the error and the impact of departing from precedent must be carefully assessed. The United States Supreme Court has succinctly summarized the salient relevant factors:
 

 In deciding whether to depart from a prior decision, one relevant consideration is whether the decision is “unsound in principle.”
 
 Garcia v. San Antonio Metropolitan Transit Authority,
 
 469 U.S. 528, 546 [105 S.Ct. 1005, 83 L.Ed.2d 1016] (1985). Another is whether it is “unworkable in practice.”
 
 Ibid.
 
 And, of course, reliance interests are of particular relevance because “[a]dherenee to precedent promotes stability, predictability, and respect for judicial authority.”
 
 Hilton v. South Carolina Public Railways Comm’n,
 
 502 U.S. 197, 202 [112 S.Ct. 560, 116 L.Ed.2d 560] (1991) (citing
 
 Vasquez v. Hillery,
 
 474 U.S. 254, 265-266 [106 S.Ct. 617, 88 L.Ed.2d 598] (1986)).
 

 Allied-Signal, Inc. v. Director, Div. of Taxation,
 
 504 U.S. 768, 783, 112 S.Ct. 2251, 119 L.Ed.2d 533 (1992). We have recognized that the circumstance that “the prior decision proved unworkable due to reliance on an impractical legal ‘fiction’” militates in favor of departing from a precedent.
 
 N. Fla. Women’s Health,
 
 866 So.2d at 637. We have also recognized that the prospect of “serious injustice to those who
 
 *310
 
 have relied on” a precedent militates against departing from that precedent.
 
 Id.
 

 Here, the joint residency rule of
 
 Enfinger
 
 is based on a serious interpretative error, which resulted in imposing a meaning on the statute that is “unsound in principle.” All
 
 ied-Signal,
 
 504 U.S. at 783, 112 S.Ct. 2251 (quoting
 
 Garcia,
 
 469 U.S. at 546, 105 S.Ct. 1005). There is no basis in the statutory provisions for treating the venue rights of an individual defendant as superior to the plaintiffs statutory right to select venue. To the contrary, section 47.021 — which permits a plaintiff to bring an action “in
 
 any
 
 county in which
 
 any
 
 defendant resides,” § 47.021, Fla. Stat. (2011) (emphasis added) — does not distinguish between corporate and individual defendants or place any other limitation on the plaintiffs choice of venue based on residency. Under the reasoning of
 
 En-finger,
 
 for purposes of section 47.021 a corporate defendant may be deemed to reside in only one county, although under the unequivocal terms of section 47.051 the same corporate defendant may have more than one county of residence.
 
 Enfinger
 
 thus relies on an unwarranted and “impractical legal ‘fiction.’ ”
 
 N. Fla. Women’s Health,
 
 866 So.2d at 637.
 

 Enfinger
 
 is also legally unsound due to its erroneous reliance on the Supreme Court of California’s conclusion in
 
 Brady
 
 that the “right of a plaintiff to have an action tried in another county than that in which the defendant has his residence is exceptional.”
 
 Enfinger,
 
 96 So.2d at 540 (quoting
 
 Brady,
 
 39 P. at 210). The relevant venue statutes are too dissimilar for
 
 Brady
 
 to constitute persuasive authority in Florida.
 

 In
 
 Brady,
 
 the plaintiff filed an action in San Diego County, the county in which the alleged tort occurred and one — but not all — of the codefendants resided. The issue before the court was whether the plaintiff could subject all of the defendants to suit in San Diego County. The California court concluded that — based on a state statute which granted each defendant “the right to have the action tried in the county of his residence” — the defendants’ motion to transfer venue should have been granted.
 
 Brady,
 
 39 P. at 210. In contrast to the statute in
 
 Brady,
 
 Florida’s venue provisions did not and do not provide a defendant with a right to be sued in his county of residence. Instead, section 46.02, now section 47.021, expressly provides that where codefendants reside in more than one county, the plaintiff has the right to select venue in any county in which any defendant to the action resides. The Florida venue provision does not extend any home-county venue right to each defendant. In other words, while the California legislature gave priority to a defendant’s right to venue in his home county over a plaintiffs right to select venue, Florida’s legislature gave preference to the plaintiffs right to select venue. As a result of these statutory differences, unlike in California, a plaintiffs right to have an action tried in a county other than the one in which the defendant resides is not exceptional in Florida.
 

 Furthermore, whereas in
 
 Brady,
 
 the California court determined that the complaint did not in fact seek relief from the defendant who resided in San Diego County, in
 
 Enfinger,
 
 there was no dispute regarding whether the plaintiff sufficiently stated a cause of action against the defendant who resided in Duval County. Given these legal and factual dissimilarities between the cases, this Court seriously erred in relying on
 
 Brady
 
 when deciding
 
 Enfinger.
 

 As evidenced by the instant case and the conflict cases, confusion has arisen regarding whether the joint residency rule applies where some — but not all — of the defendants to an action share a county of
 
 *311
 
 residence. This Court’s decision to impose a restriction on venue not found in the Florida Statutes has created uncertainty and inconsistency. Receding from the joint residency rule of
 
 Enfinger
 
 will promote stability in the law. Once the joint residency rule of
 
 Enfinger
 
 is abrogated, venue in the situation of multiple defendants will be governed by the application of the plain terms of section 47.021, Florida Statutes, under which defendants will be amenable to suit “in
 
 any
 
 county in which
 
 any
 
 defendant resides.” § 47.021, Fla. Stat. (2011) (emphasis added).
 

 Receding from
 
 Enfinger
 
 will not result in any injustice to defendants who have relied on the joint residency rule. There is no basis for concluding that there has been any such reliance. It is not plausible to suggest that defendants have organized their affairs or chosen whether and when to commit torts or to breach contracts on the basis of the
 
 Enfinger
 
 joint residency rule. No reliance interests are implicated by the joint residency rule.
 

 Based on the foregoing, we recede from
 
 Enfinger’s
 
 restriction on a plaintiffs right to select a venue based on the defendants’ residency. When reviewing a plaintiffs venue selection, the Florida courts should apply the plain language of sections 47.011, 47.021, and 47.051, Florida Statutes. Where there are multiple defendants to an action, a plaintiff may choose as venue any county in which any defendant, without consideration of his or her eodefendants, may be considered a resident.
 

 Here, the Browns were entitled to file their complaint in Broward County based on defendant Helena Chemical’s residency and amenability to suit in that county. We therefore quash the Fourth District’s decision affirming the grant of the motion to transfer venue.
 

 Finally, we decline to address the defendants’ argument on appeal that the change of venue should have been affirmed based on section 47.122, Florida Statutes (2009), which provides that “[f]or the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.” “The party seeking the transfer [pursuant to section 47.122] bears the burden of showing substantial inconvenience or undue expense to establish a basis for the transfer.”
 
 Resor v. Welling,
 
 44 So.3d 656, 657 (Fla. 5th DCA 2010). The instant record, however, does not contain and the trial court did not consider any evidence regarding the competing conveniences of the parties, the location, number, or availability of the witnesses, or any other factor relevant to the convenience of the parties or the interests of justice in this case. Accordingly, this Court cannot evaluate at this time whether a motion to transfer pursuant to section 47.122 would have or should have been granted.
 
 See Kasischke v. State,
 
 991 So.2d 803, 815 (Fla.2008) (declining to address on appeal an issue that had “not been addressed in this case and [was] outside the scope of the conflict”).
 

 III. CONCLUSION
 

 In summary, we recede from
 
 Enfinger
 
 because it placed an extrastatutory restriction on a plaintiffs right to select venue. We quash the Fourth District’s decision and remand to the Fourth District for further proceedings consistent with this opinion.
 

 It is so ordered.
 

 LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 PARIENTE, J., recused.
 

 [1]
 

 . Again, section 46.02, Florida Statutes (1955), which provided that an action against two or more defendants could be brought in any county in which any defendant resided, is substantively equivalent to today's section 47.021, and section 46.04, Florida Statutes (1955), which defined where a corporation doing business in Florida could be sued, is substantively equivalent to today's section 47.051.
 
 See
 
 ch. 67-254, § 3, Laws of Fla. (renumbering statutes including sections 46.02 and 46.04).